## TURPEN, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Darke Co

No 520. Decided Jan 31, 1938

Wilbur D. Spidel, Greenville, Daniel L. Dwyer, Dayton. for appellee.

Ben Turpen, Cincinnati, for appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on error proceedings by reason of an appeal on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.

The cause originated in the Probate Court of Darke County and was appealed to the Court of Common Pleas for hearing

de novo. Both courts arrived at the same conclusion and the same judgment. The following brief statement of facts will render understandable the nature of the controversy.

Margaret S. McKnight, at all times herein mentioned, was administratrix of the estate of John C. Turpen, deceased. On December 6, 1935, Clara Turpen Grimes, filed in the Probate Court an application which, omitting the formal parts, reads as follows:

"Now comes Clara Turpen Grimes and represents that she is one of the heirs of John C. Turpen, deceased; that the administratrix, on advice of counsel, has made cash distribution out of the corpus of the estate to the other heirs. This applicant says that she has not been included in said distributions and prays the court for an order requiring the administratrix to make an immediate cash distribution to the applicant in an amount similar to that already distributed to the other heirs.

"Clara Turpen Grimes."

Appended to the application is a duly executed verification. The administratrix waived service of notice and consented to immediate hearing of the application. On December 13 the administratrix, by her attorney, filed motion asking that the application be stricken for the reason "that there is no authority for the court to grant the order prayed for in an ex parte proceeding." On January 7, 1936, the Probate Court, through a journalized entry, sustained the application and ordered the administratrix to pay Clara Turpen Grimes the sum of $500.00. The cause was carried to the Court of Common Pleas by appeal. Counsel for Clara Turpen Grimes interposed a motion in Common Pleas Court to dismiss the appeal, which motion was overruled. The cause was determined in the Common Pleas Court on the merits on March 5, 1937, as appears from the transcript of docket and journal entries. It was the order and judgment of the Common Pleas Court that the application of Clara Turpen Grimes to require the administratrix to make equal distribution of the sum of $500.00 as her distributive share along with other children and heirs at law of John C. Turpen, deceased, be granted and the amount ordered paid. Notice of appeal on question of law was duly filed through which the cause is lodged in this court.

The following are the assignments of error presented:

"(1) The trial court erred in overruling appellant's motion to strike the application of Clara Turpen Grimes from the files.

"(2) The trial court (Probate Court) had no jurisdiction to grant the application for a distribution to the applicant.

"(3) The Court of Common Pleas erred in refusing to consider or sustain the motion of appellant to strike the application from the files.

"(4) The Court of Common Pleas had no jurisdiction to grant the application for a distribution to the applicant (appellee.)"

Assignments of error 1 and 3 are not material to the question raised, since the question of jurisdiction is presented through assignments 2 and 4.

Whatever evidence was presented in the lower courts is not before us, since no bill of exceptions was presented and allowed in either court. The sole and only question presented to us is as to the jurisdictional right to consider or make any order on the application as filed.

The application contains a very meager recital of facts. From the application the following is presented and nothing more:

(1) That Clara Turpen Grimes represents herself to be one of the heirs of John C. Turpen, deceased.

(2) That the administratrix on advice of counsel has made cash distribution out of the corpus of the estate to other heirs.

(3) That the applicant has not been included in said distribution.

(4) Asks that the court promulgate an order requiring the administratrix to make immediate distribution to the applicant in the amount already distributed to the other heirs.

The application does not disclose when the appointment of an administratrix was made; does not disclose the amount of the estate or if anything would remain, after payment of debts, for distribution; contains no statement as to whether or not there has been a final accounting. From all that is contained in the application payment to other heirs may be improperly made. The first obligation is to pay debts. Erroneous payment to other heirs might be recovered back, but the fact that they received certain amounts standing alone would not be a predicate for plaintiff's right. It may properly be said that the answer to many of these questions would be disclosed through the evidence and since we have no bill of exceptions we must as-

sume that requisite evidence was presented on all the facts and questions. This is a correct statement of the law, but there still remains a question as to whether or not the court has jurisdiction to make an order on the application filed.

. The corpus of the property is probably within the possession and control of the administratrix and she, under her bond, is liable for the administering of the estate according to law. The matter and method of administering is provided through various sections of the Probate Code. The Code fixes the time for presentation and allowance or rejection of claims; the bringing of suits on rejected claims; the settlement of the estate; unless for good cause shown the time was extended; the filing of current accounts at fixed periods; the filing of a final account when the debts are fully paid and the estate is ready for distribution; if the accounts are approved the Probate Court makes the general order of distribution. The Probate Court in his order of distribution does not designate the individuals entitled to distribution nor the amount coming to each. Armstrong v Grandin, 39 Oh St, 369. After the order of distribution resort may be had to §10509-199 GC, to determine the distributees. Citing Gray v Case School 62 Oh St 1. On page 8 in the opinion of the last cited case appears the following:

"A legatee is not entitled to the payment of his legacy at the end of one year, or at any time until there has been an account and order of distribution."

Under the earlier provisions the Probate Court, when he made his order of distribution exhausted his authority and had no jurisdiction to entertain a proceeding for the collection of an amount due on distribution. Bank v. Beede, 62 Oh St 41.

Sec 10509-199 GC and the preceding sections of like substance now provide a remedy. Under the provisions of this section authority is given to an heir or other distributee to file a petition in the Probate Court against the administrator stating the nature of the claim and the amount due, but it must be observed that this action can only be brought after thirty days from the time of the settlement of the estate. §10509-201 GC is a cogent section and apparently is broad enough in its terms to permit the administrator to bring such action when he is in doubt on any question involving the rights of distributees.

Sec 10509-206 grants concurrent jurisdiction to the Common Pleas Court provided for in the seven sections preceding. §10509-210 GC also provides for action by distributee to recover her share of the personal estate after an order of the court ascertaining the amount due to her if the executor or administrator neglects to pay it when demanded. This section was formerly §10870 GC and §6211 Revised Statutes. The Supreme Court of Ohio in the case of Henry, Executor v Doyle, Executor, 82 Oh St 113 had §6211 of the Revised Statutes under consideration. Syllabus 2 reads as follows:

"In such an action a general finding of a balance in the hands of the executor or administrator and an order to distribute the same according to law, is not a sufficient foundation for an action; but the specific amount, if any, due to the plaintiff must have been first fixed by a court of competent jurisdiction as provided by law."

It will be observed that the above sections authorize a suit only after the amount due has been ascertained.

Sec 10509-200 GC and subsequent sections provide the procedure for determining amount due. However, thi samount can not be determined so far as distributees are concerned until the estate is settled and an order of distribution made by the Probate Court.

The application filed by the appellee in the Probate Court does not state sufficient facts to bring herself within any of the provisions of the Sections above cited. Furthermore we would hold that the Code sections contemplate an adversary proceeding where all interested parties are brought in and the rights of all claimants determined.

The statements made in the application that other distributees have received amounts on distribution is not sufficient. In addition it must be shown what amount the applicant is entitled to, independent of what others may have received. The applicant has mistaken her remedy. She has the right if the time has expired to require the administratrix to file a final account and the Probate Court as a matter of form will make an order of general distribution. She is then privileged to assert her action for distributive share under the provisions of §10509-199 GC and subsequent sections.

In short there is no right to distributive share until after final set- tlement of the estate.

The judgment of the Common Pleas Court will be reversed and the cause remanded with directions that the Common Pleas Court reverse the judgment of the Probate Court.

HORNBECK and GEIGER, JJ, concur.