**RATHBUN, Plaintiff-Appellant, v. HUMPHREY COMPANY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22592. Decided February 24, 1953.

456

Gaines & Hirsch, Cleveland, for plaintiff-appellant.
Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant-appellee.

## OPINION

By HURD, PJ.:

This is an action of tort instituted by plaintiff in the Court of Common Pleas to recover for personal injuries received during a ride upon an amusement device. Plaintiff appeals from a judgment entered pursuant to a jury verdict for defendant.

Defendant, The Humphrey Company, owns and operates an amusement park in the city of Cleveland known as Euclid

Beach Park. One of the attractions is a roller coaster called the "Thriller." It is composed of three separate cars, with four seats each joined together in a train. The train operates on rails supported by a trestle, built in the form of declivities, dips and curves. It is pulled by a chain from the loading platform to the top of the trestle. From there it descends by force of gravity. The ride covers a distance of about 2,800 feet in about two minutes.

Plaintiff, a young woman of about 32 years of age, entered the Thriller with her mother. They occupied the first seat of the second car, the mother to the right or outside, the daughter to the left or inside. The car ahead was filled to capacity with eight persons. The seats in back of plaintiff in the second car were wholly or partially filled. Plaintiff testified that as they were approaching the return curve, she turned slightly to her mother and told her to scream as they were approaching a series of dips. Plaintiff testified further that when she was thus turned slightly to her right, a branch of a tree suddenly whipped down from foliage overhanging the track area on the return or lower curve striking her forehead, nose and left eye, breaking her eyeglasses in such a manner that the left lens was shattered and the frame fell into her mother's lap. She claimed that she was seriously injured because pieces of the shattered lens lodged in her eye.

Six grounds of error were assigned, two of which were abandoned in this appeal. Combining the first two assignments of error, plaintiff asserts—(1) that the trial court erred prejudicially in permitting the manager of the Thriller to testify that during the summer of 1948 up to and including September 26, 1948, the date of the injury, no person had ever complained to him of having been struck by a branch or limb of a tree during a ride, and (2) in permitting defendant to introduce testimony of the number of persons who rode the roller coaster on the day of the injury.

. The courts are divided on the question of the admissibility and competency of evidence showing non-occurrence or absence of other similar accidents in negligence cases generally. Some hold that such evidence is not admissible for the purpose of showing that the place of injury was free from danger. Others hold that such evidence is admissible for that purpose and that it tends to show reasonable care, thus negativing to a certain degree the charge of negligence. In any event, such testimony is admissible only if it has rational probative value bearing upon the issues made upon the pleadings. It is never conclusive, the persuasive effect or weight being for the jury alone under proper instructions. As a general rule, such testimony is admitted as applicable to static conditions where the danger is not obvious.

Considering now the issues made by the pleadings in the instant case, the plaintiff alleges and the defendant denies, (1) that the proximate cause of her injuries was the negligence of the defendant in failing to provide a route of travel which was reasonably safe for patrons to use; (2) in designing, operating and maintaining the Thriller in close proximity to abutting and overhanging trees; (3) in failing properly to care for said trees and to exercise vigilance to provide patrons with a ride free from danger, occasioned by the presence of such trees wholly under the control and management of the defendant; (4) in permitting said tree and the branches thereof to become a source of danger to patrons using said roller coaster; (5) in failing to warn plaintiff of the danger.

From these allegations it appears that plaintiff has created an issue as to the static condition of the amusement device in relation to external conditions surrounding its design, operation and maintenance in the particular location close to overhanging and abutting trees. Was this operation as there conducted safe for patrons, or, was it dangerous? How is this question to be determined? Is not experience a definite criterion, persuasive but not conclusive? We think so. True, it is as plaintiff argues that her claim is not based on any mechanical defect in the Thriller as such, nor is there any claim of improper mechanical construction. This removes from consideration the doctrine of res ipsa loquitur, but it does not remove from consideration the claim that the design, operation and maintenance of the device as located was dangerous for patrons under the static conditions there existing and upon which the claim of negligence is predicated.

In **Transit Co. v. Roderick (1918), 10 Oh Ap 119,** evidence of non-occurrence of similar accidents was held admissible for the purpose of showing defendant not guilty of negligence in not apprehending the accident where the danger was not obvious. In that case this court reversed and remanded for prejudicial error in excluding such testimony.

In **Witherspoon v. Haft, 157 Oh St 474,** decided May 14, 1952, the court, in affirming a judgment of the Court of Appeals of Franklin County, said, in relation to the test of experience, page 480—"and none of the witnesses who testified concerning their experience with the type of bleachers knew of any accident resulting from a seat board slipping out of its brackets." In the same case, **61 Abs 102,** the Court of Appeals had previously held that testimony of many years of experience with the same type of bleacher seats involved in that case was admissible as to non-occurrence of accidents, but not conclusive. Citing Railroad v. Anderson, 11 O. C. D. 765.

In Murphy v. Steeple Chase Amusement Co., 250 N. Y. 479, decided April 16, 1929, where plaintiff sued for injuries sustained while using an amusement device known as the "Flopper," Cardozo, Ch. J. refers to evidence offered by the President of the amusement company to the effect that there had never been such an accident before and that, according to defendant's evidence, two hundred and fifty thousand visitors "were at the Flopper in a year."

In Carlin v. Krout, 142 Maryland Reports 140 (1923) where plaintiff sued for injuries received on an amusement device known as an "Ocean Wave," it was held that the fact that no accident similar to plaintiff's had occurred to any of the thousands of persons who had used the device, during the two years which had elapsed since its installation, while not conclusive of the absence of negligence, might properly be considered on the question whether any part of the device was improperly designed or constructed.

To the same effect see also, Godfrey v. Connecticut Co., 98 Conn. 63, 118 Atl. 446 (Conn. 1922), Denver Park Amusement Co. v. Pflug, 2 F. (2d) 961 (C. C. A. 8, 1924).

The case of Wray v. Fairfield Amusement Co., 10 Atl. (2d) 600 Connecticut is cited by plaintiff as being contra, but that case should be distinguished because there the evidence of the number of passengers who had ridden the amusement device was excluded because the strap of one seat of the device in which plaintiff had occupied was defective and evidence of the entire number who had occupied other seats not defective would not be a reasonable test of experience, particularly in view of the fact that the plaintiff did not claim that either the construction or operation of the roller coaster in general was negligent.

We think also, that it should be noted that the superintendent of construction and maintenance for twenty-eight years and the man who built the Thriller, called as one of plaintiff's witnesses, was permitted to testify without objection on cross-examination by the defendant that, in his years with the defendant, it never had been brought to his attention by any person that any rider on the Thriller had claimed to be struck by the branch of a tree and injured. By allowing this testimony without objection, plaintiff may have waived claims of error on this ground.

We conclude, under the issues here made by the pleadings, together with all the surrounding facts and circumstances appearing in the evidence, that testimony tending to show the absence or non-occurrence of similar accidents during the summer season of 1948 (to which the testimony was limited) including the number of riders on the day of the accident

without injury (in excess of 5,000) must be considered to have a rational probative value, bearing upon the claim of negligence made by plaintiff, in the design, operation and maintenance of the amusement device in the place in question. To hold that plaintiff could create such an issue so general and comprehensive in its nature and implications and to deny the defendant the right to meet it by the test of experience would not be in accord with sound logic or judicial fairness.

In its fourth assignment of error, plaintiff asserts that the trial court erred in granting defendant's request to charge before argument as follows:

"I say to you that it is the law of the State of Ohio that the obligation of The Humphrey Company is to provide for its patrons instrumentalities, such as the Thriller, which are reasonably safe for the purpose for which they are used and are intended to be used. This obligation means that The Humphrey Company must exercise such a degree of care in connection with the inspection and operation of its amusement devices as would ordinarily be exercised by an ordinary, careful and prudent person under the same or similar circumstances."

It is well established that the owner or operator of amusement resorts and appliances is not an insurer of the safety of patrons, but owes the duty to exercise ordinary or reasonable care commensurate with the risk involved. See **Smith v. Puritas Spring Park, 26 Abs 585,** and cases therein cited as follows—**Maehlman v. Reuban Realty Co., 32 Oh Ap 54, Lake Brady Co. v. Krutel, Admr., 123 Oh St 570.** The great weight of authority in other jurisdictions is to the same effect. While the charge of negligence was not directed to mechanical defects in the amusement device per se, an issue was made as to its safety in the particular location in which it was maintained and operated in close proximity to trees along the side of the track. We think that the duty of care implicit in this special charge applies not only to a part, but to the total operation of the device and does not inject an issue not raised by the pleadings. The proprietor or operator is under an obligation to use ordinary care and diligence to put and keep the place in a reasonably safe condition for persons attending in pursuance of his invitation. He is bound to use ordinary care for their safety and protection, the test being that degree of care which an ordinary careful and prudent person would exercise under the same or similar circumstances. If injury results from a breach of this duty, he is liable. We find no prejudicial error in this charge as, in our opinion, it is in accordance with the general rule applicable under the issues here made.

In her final assignment of error, plaintiff claims that the judgment is against the manifest weight of the evidence. We may reverse on this ground only when the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to result in a denial of substantial justice. Upon consideration of all the evidence submitted to the jury, we can not so conclude. The members of the jury were not obliged to rely entirely upon the testimony of the plaintiff and her mother as to the cause of her injury. There are many factors appearing in the evidence, too numerous to detail here, which would reasonably justify the jury in finding otherwise. Our view of the evidence in this case is such that whether the jury found either for plaintiff or defendant, we would not be justified in setting aside the verdict on the weight of the evidence. Suffice it to say that the burden was upon the plaintiff to show by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the injuries of which she complains. After a fair and complete trial, the verdict of the jury indicates conclusively that she failed to sustain the burden thus necessarily assumed by her. Consequently, the error assigned that the verdict and judgment is contrary to the manifest weight of the evidence, can not be sustained.

Finding no error prejudicial to the rights of plaintiff, the judgment is affirmed. Exceptions noted. Order see journal.

KOVACHY, J, SKEEL, J, concur.