[No. 37963.    Department Two.    October 6, 1966.]

ADA J. KENNARD, *Appellant,* v. MOUNTAIN VIEW DEVELOP-
MENT COMPANY, *Respondent.**

*Binns, Petrich & Mason,* for appellant.

*Rush & Lynch,* by *W. Gerald Lynch,* for respondent.

FINLEY, J.—This is an action for damages for personal
injury. The plaintiff, Ada J. Kennard, was injured while
attending a funeral service conducted by the defendant,
the Mountain View Development Company, when she fell
on the concrete entrance platform and stairs leading to
the funeral chapel of the business premises of the de-
fendant corporation. There is no disagreement as to the
"invitee" status of the plaintiff at the time of her unfortu-
nate fall.[1]  And, as might be expected, the lawsuit was

*Reported in 419 P.2d 154.

[1]See Comment, "Liability of Landlord and Tenant to Persons Injured
on the Premises," 39 Wash. L. Rev. 345 (1964). Although the article
is primarily concerned with occupier liability as it is affected by
existing landlord and tenant relationships, the author's misgivings about

initiated by Mrs. Kennard on the theory that the Mountain View Development Company owed her a duty to use ordinary care in keeping the corporation's premises reasonably safe for "invitees" attending funeral services. More specifically, the plaintiff contends that the failure of the defendant to maintain the steps and platform in a reasonably safe condition by providing adequate lighting and a handrail resulted in harm and injury to her.

The trial was before a jury. Its verdict was for the defendant. A motion for a new trial was denied, and judgment was entered dismissing plaintiff's complaint.

The plaintiff has appealed on a short record. Pursuant to the provisions of Rules on Appeal 34(3), the plaintiff has submitted a "Concise Statement of The Points On Which Plaintiff Intends To Rely On The Appeal." Consequently, we are concerned only with two determinative issues as to certain evidentiary rulings by the trial judge: (1) whether evidence proffered by the plaintiff that the defendant had subsequently installed handrails on the stairs and platform should have been admitted for the purpose of demonstrating the practicality of safeguarding the area; and (2) whether a letter written by Mr. Brewer B. Thompson, the vice president and manager of the defendant corporation, to the plaintiff should have been admitted into evidence as an admission against interest.

As to the proffered evidence concerning the installation of handrails on the platform after the accident, the appellant readily concedes that such evidence is not admissible to prove negligence. *Boeing Airplane Co. v. Brown*, 291 F.2d 310 (1961); *Cochran v. Harrison Memorial Hospital*, 42 Wn.2d 264, 254 P.2d 752 (1953); *Hatcher v. Globe Union Mfg. Co.*, 170 Wash. 494, 16 P.2d 824 (1932). There are several exceptions to the general rule excluding

"pigeonhole jurisprudence" apply to the whole field of occupier liability. It is indeed arguable whether undue emphasis has been placed upon the characterization of an injured person as a "trespasser," "licensee," or "invitee." There is a danger that the courts and the law could become overly concerned with legal categorization and ignore variant but pertinent common-sense considerations indicative of what ought to be the standard of care of the land owner or occupier.

evidence regarding subsequent repairs. The only possible exception which might be applicable in the instant case allows the admission of such evidence where the defendant incautiously or negligently injects into issue the practicality or feasibility of preventive measures. Evidence of subsequent repair is then admissible if, in the judgment and discretion of the trial judge, it is determined that the reason for the offering of such evidence is substantial, and outweighs the risk that the jury might infer negligence therefrom. McCormick, Evidence § 252 (1954); footnote 3 in *Boeing Airplane Co. v. Brown, supra.* But the appellant has not demonstrated that the defendant interjected the feasibility or practicality of remedy issue at the trial. Hence, we conclude that the trial judge acted within the proper scope of his discretion in excluding evidence as to the post-incident erection of handrails by Mountain View Development Company.

The remaining evidentiary issue concerns the admissibility of the following letter, written by the vice president of the defendant corporation to the plaintiff approximately one month after her fall on the chapel steps:

Dear Mrs. Kennard,

It was so nice of you to drop me a thank you note for the flowers. I am sorry I didn't get up to the hospital to visit you, but I felt that since you and I have never had an opportunity to meet, that it might be embarrassing all the way around. I am sure you probably knew my grandfather, Fred Brewer, and possibly my mother as they were born and raised here in Tacoma also.

As I have said often times to Ted, I certainly am sorry about the accident. I cringe whenever I think of the pain and discomfort that you have had to go through as the result of coming out here to Mountain View for services. We try to be as careful as we can, but I'm afraid this time we were not careful enough.

As soon as I can get Charles Lea our architect out here, I am going to ask him to place a railing for us on the front steps of the Chapel so that this may not happen again. I am certainly glad that I know Ted, so that at least I am able to keep in contact with him to see that you are getting along a little better as time goes by.

I just talked to my father, Arthur Thompson, and he remembers the Hawthorns which you mentioned in your letter. I appreciate your kind comments about the growth of Mountain View and we do everthing [sic] we can to keep it as pretty as it was meant to be.

Thank you again for your kind letter and I hope that you will have a most speedy recovery.

Sincerely yours,

/s/ Brewer B. Thompson

BBT/pes                              Brewer B. Thompson

■ The key statement, obviously, is "[w]e try to be as careful as we can, but I'm afraid this time we were not careful enough." The appellant strenuously argues that the letter in general, and the above-quoted statement in particular, should have been admitted into evidence as an admission against interest by the vice president of the defendant corporation. The appellant emphasizes that the principal ground for the trial judge's refusal to admit the letter into evidence was the allegedly dubious rule of *Liljeblom v. Department of Labor & Indus.*, 57 Wn.2d 136, 356 P.2d 307 (1960). Therein, we recognized the "rule" that declarations of an agent, in order to be binding against the principal, must be statements of fact and not mere expressions of opinion. Admittedly, a much more appropriate proposition might be formulated in terms of the admissibility of alleged admissions against interest made by agents if the governing criteria were whether or not such statements were made within the authorized scope of the speaker's duties as the defendant's agent. Agents functioning in an executive capacity—such as Brewer B. Thompson, the vice president and manager of the Mountain View Development Company—might well be authorized, expressly or impliedly, to make statements containing a hybrid mixture of opinion and fact. If so authorized, the statements should be admissible as admissions against interest by the principal corporation. But we need not determine the propriety of the *Liljeblom* rule at this time, inasmuch as the trial judge in the instant case had at least two additional grounds for not admitting the letter into evidence. The appellant at-

tempted to introduce the *entire* document into evidence. Much of it is obviously personal in nature and, as such, was properly excludable as irrelevant and immaterial to the issues in the case. Furthermore, the letter alludes to the intention of the defendant to erect a handrailing on the platform and steps in question. While this portion of the letter indicates that, as of the date of the letter, safeguarding repairs had not yet been undertaken or accomplished, we think it might well fall within the ambit of the aforementioned rule excluding evidence of subsequent repair. In any event, the risk that the jury might infer negligence from the intention of the defendant to repair its premises could best be measured by the trial judge. We do not think there was an abuse of judicial discretion in excluding the letter, particularly since the appellant did not segregate portions of the letter and made no distinction as to the propriety of these as to proof of the plaintiff-appellant's case, but offered the *entire* letter as an *admission against interest.*

For the reasons indicated hereinbefore, the judgment of the trial court is hereby affirmed.

ROSELLINI, C. J., HILL, WEAVER, and HAMILTON, JJ., concur.