[No. 107-40585-1.     Division One.     April 20, 1970.]
Panel 2

HELEN M. STARK, as *Executrix, Appellant,* v. ALLIS-CHALMERS *et al., Respondents.*

*Daniel Goodwin* and *John F. Raymond,* for appellant.

*Lee, Carney & Smart* and *R. Jack Stephenson,* for respondents.

UTTER, J.—Helen Stark, as executrix of the estate of her husband, Robert Stark, sought to recover from the manufacturer and seller of a new tractor for his alleged wrongful death. She claimed they were liable on grounds of negligence, products liability and breach of warranty. The trial court entered a judgment on the jury's verdict dismissing appellant's cause of action. She appeals.

Appellant argues the court erred in submitting instructions on assumption of risk and contributory negligence. She also urges the court should have admitted evidence concerning the feasibility of installing certain safety measures and should not have admitted evidence about the lack of prior similar occurrences.

Robert Stark was a heavy equipment operator employed by the University of Washington. On August 19, 1965, Stark was using an HD6G front-end loader tractor to level a lot on the university campus. The tractor was a new model manufactured and sold by Allis-Chalmers. It had

been purchased by the university to replace an older front-end loader tractor Stark had operated for at least 7 years. Stark filled the tractor's bucket with a load of heavy clay and was backing the tractor to carry the clay to another area of the campus. According to a witness, the rear of the tractor pitched up and Stark was thrown over the hood of the machine and crushed between the bucket and the hood.

■ Appellant's first assignment of error is that the court erred in giving instruction 16:

> One knowing and comprehending a danger, who nonetheless voluntarily exposes himself to injury from such danger, is deemed to have assumed the risk of such exposure and is precluded from recovery for an injury or death proximately resulting therefrom.

Appellant contends her husband lacked knowledge of any risk involved in operating the tractor in the manner in which he was at the time of his death. The question whether a plaintiff had knowledge of a risk is normally a question of fact and is properly one for the jury to consider.

There was evidence in the record from which the jury could have found Stark was an experienced heavy equipment operator, was familiar with the operational characteristics of front-end loader tractors and had operated one for several years prior to his death. There was also testimony that he had operated the tractor in question for several weeks prior to his death and had used the term "bucking bronco" to describe its operation and, as an experienced operator, was aware the tractor's stability could be improved by carrying the bucket close to the ground, carrying a smaller load and traveling at a slower speed. We believe there was sufficient evidence to submit the issue of assumption of risk to the jury.

There is also sufficient evidence that his assumption of the risk was voluntary. The jury could have found from the facts that Stark had been warned by a fellow worker not to operate the tractor with the bucket high in the air; that his

supervisor did not order him to operate the HD6G in the manner in which he was at the time of the accident; that, as an experienced operator, he knew the tractor could be operated in a different and probably safer manner and that he chose to operate the machine at high speed. The jury was entitled to find Stark made his choice to operate the machine as he did knowingly and without any outside compulsion.

■ Appellant argues the court erred in allowing the defense of assumption of risk in a products liability case. Restatement (Second) of Torts § 402A (1965) dealing with strict liability in the products liability area, was adopted by the court in *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969). Comment *n* of that section allows the defense of assumption of risk in products liability cases and was followed in *Arrow Transp. Co. v. A. O. Smith Co.,* 75 Wn.2d 843, 454 P.2d 387 (1969). The assumption of risk theory was properly submitted to the jury.

In *Brown v. Quick Mix Co.,* 75 Wn.2d 833, 454 P.2d 205 (1969), the court, speaking of the element of appreciation of danger in assumption of risk cases, stated:

the fact that a danger is patent does not automatically free the manufacturer from liability, but does so only if the plaintiff voluntarily and *unreasonably* encounters it.

Instruction 16 told the jury to consider whether appellant knowingly and voluntarily exposed himself to the risk but did not ask the jury to further inquire if his exposure was unreasonable.

■ Appellant took exception to instruction 16 but did not argue the instruction was defective in its omission of the question of the unreasonability of Stark's action. The general rule is that failure to adequately apprise the trial judge of the point of law or fact upon which an exception rests will leave the instruction as the law of the case. *Samuelson v. Freeman,* 75 Wn.2d 894, 454 P.2d 406 (1969). The *Samuelson* case went on to establish an exception to this rule. The court there indicated that where the law is

laid down clearly, cogently and convincingly by the highest tribunal in the state, the court and parties are bound by those explicitly declared principles until they have been authoritatively overruled. It further stated it would be unfair and unjust to hold a party's acceptance of explicitly declared principles as controlling precedent, constituted a waiver on their part or estopped them from later raising the point on appeal if the rule was changed between the trial and the time of the argument of the appeal.

The exception does not apply here. This case was tried prior to *Ulmer* where our court adopted the rule of strict liability in products liability cases. Counsel for appellant prevailed upon the court, in spite of this, to instruct on his products liability theory as set forth in Restatement (Second) of Torts § 402A (1965). His failure to urge to the court that the additional principles contained in comment *n* of § 402A should also be given to the jury in instructions, precludes him from raising that point now on appeal. There was no controlling precedent for jury instructions in the area of products liability in this state at the time this case was tried and appellant cannot bring herself under the exception to the general rule stated in *Samuelson.*

Appellant assigns as error the court's refusal to admit evidence relating to the installation of a curved bar on the hood of the tractor by the university shortly after Stark's death. The court rejected this testimony on two grounds. It, in effect, held testimony of subsequent safety measures was not relevant unless the issue of feasibility was raised by the defense and that the appellant could not amend his theory of negligence after failing to mention lack of a grab bar in interrogatories directed to the subject.

Prior to *Brown v. Quick Mix Co., supra,* the introduction of evidence of repairs or other safety measures taken by a defendant after an accident was not admissible to prove a plaintiff's charge of negligence on grounds of lack of relevancy. It was admissible only when the defendant injected the issue of feasibility into the case. *Kennard v. Mountain View Dev. Co.,* 69 Wn.2d 492, 419 P.2d 154 (1966). It would

now appear to be the rule, as stated in *Brown*, that whenever a plaintiff alleges creation or maintenance of a condition or set of circumstances was negligence, generally or specifically, because of lack of safeguards, he can make an issue at trial of the feasibility of safeguards in connection with the charge of negligence and the lack thereof, and introduce evidence of subsequent repairs. 5 R. Meisenholder, Wash. Prac. § 10 (1965). The exclusion of the evidence on the modification was error.

■ The trial court, however, will be sustained if there is any theory upon which its action can be said to be correct. *Northern Pac. Ry. v. State Util. & Transp. Comm'n*, 68 Wn.2d 915, 416 P.2d 337 (1966).

In the instant case defendant sent interrogatories to the plaintiff requesting her to delineate in detail each physical and mechanical characteristic which caused Robert Stark to be injured. The plaintiff's complaint, amended complaint and answers to interrogatories directed to the discovery of the physical and mechanical defects which plaintiff contended caused Stark's injury did not mention the failure to place a curved bar on the hood of the tractor. There was no contention the evidence supporting this theory was discovered subsequent to the last interrogatories submitted.

■ The purpose of interrogatories to an adverse party is to enable the opposing party to prepare for trial, to narrow the issues in order to determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial. 2A W. Barron and A. Holtzoff, Federal Practice § 761 (1961). Interrogatories used in this manner serve as adjuncts to the pleadings in limiting the issues and defining the contentions of the parties, and to this extent the answers have a limiting effect on the scope of proof at the trial just as if the matters were stated in the pleadings. 4 J. Moore, Federal Practice § 33.39[2] (1969). To allow the plaintiff to plead at trial a theory of negligence not mentioned in the answers to the extensive pretrial inquiries of the defendant could be an injustice to the defendant. *Ken-*

*dall Co. v. Tetley Tea Co., Inc.,* 81 F. Supp. 387 (Mass. 1948).

The language in some cases suggests answers to interrogatories do not have the effect of limiting that party's proof the way the pleadings do. These cases, however, involve interrogatories dealing with questions of fact. In the present case, the answers to the interrogatories were related to the contentions of the plaintiff and, in effect, were a supplement to the complaint. 4 J. Moore, Federal Practice § 33.25[2] (1969).

Appellant's failure to specify the respondent's neglect to place a curved bar on the hood of the tractor as a defect which caused Stark's death, deprived respondents of the opportunity to prepare a defense to this theory prior to trial. Appellant's request to present this new theory of negligence to the jury was addressed to the discretion of the trial court in the same manner as a request to amend the pleadings. *General Indus., Inc. v. Eriksson,* 2 Wn. App. 228, 467 P.2d 321 (1970).

The exercise of discretion by the trial court in questions of this nature should be guided by its consideration of two elements: whether there is prejudice to the party who propounded the interrogatories and whether the answering party has a satisfactory explanation of the failure to answer correctly.[1] The prejudice is apparent from the record and no reason was offered for the failure to answer correctly. We find no abuse of discretion and the alternate ground for the trial court's ruling is correct.

A reading of the court's instruction on contributory negligence indicates the court limited that defense to the plaintiff's allegation of negligence contained in her requested instruction 12. The jury was specifically advised that contributory negligence

> would not bar recovery by plaintiff if you also find that she has sustained her burden of proof on the basis of breach of warranty, or, in the alternative, you find that

[1] See discussion in 27 Mo. L. Rev. 242 (1962).

she has sustained her burden of proof on her third alternative basis of recovery.

(Strict liability.)

No error was committed by the court in submitting the contributory negligence instruction.

Appellant finally assigns as error the admission by the court of evidence establishing that no prior accident of the nature claimed by appellant had occurred involving any of the 10,000 HD6G tractor loaders manufactured by Allis-Chalmers. The testimony was obtained from the chief engineer for Allis-Chalmers who testified he was personally in charge of compiling statistics regarding accidents and that these statistics were regularly compiled under his direction. He testified there were no reported accidents of the nature explained by appellant.

■ The trial court may allow introduction of testimony of lack of accidents where circumstances are similar in the judge's discretion. It may be relevant to show (1) the nonexistence of the defect or condition alleged; (2) that the injury was not caused by the defect or condition charged; (3) that the situation was not dangerous; or (4) want of knowledge of, or ground to realize, the danger. C. McCormick, Evidence, § 167 (1954); 5 R. Meisenholder, Wash. Prac. § 6 (1965); *Gabel v. Koba,* 1 Wn. App. 684, 463 P.2d 237 (1969).

We find no evidence which would justify the conclusion that the trial court abused its discretion in allowing the introduction of such testimony.

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied June 8, 1970.