## (February 9, 1978)

■ DORIS T. WOZNIAK, Appellant, v 110 SOUTH MAIN STREET LAND AND

DEVELOPMENT IMPROVEMENT CORP., Also Known as HOLIDAY INN, et al., Respondents.—Appeal from a judgment of the Supreme Court, in favor of defendants, entered June 4, 1974 in Montgomery County, upon a verdict rendered at a Trial Term of no cause for action. Plaintiff commenced a negligence action against defendants seeking money damages for injuries suffered in a fall in the Holiday Inn parking lot. The jury's verdict is herein challenged on the following evidentiary grounds: (a) evidence of lack of prior accidents was improperly received; (b) statements by plaintiff and her male companion to the bartender should have been admitted on issue of notice; (c) plaintiff's request to charge was improperly denied; and (d) the court's charge was prejudicial. Since the complaint as augmented by the bill of particulars alleged faulty construction of the parking lot, as well as negligent maintenance, proof of the absence of prior accidents covering a reasonable length of time is admissible, provided the court charges that such evidence is only a factor for consideration and not conclusive (*Orlock v Granit Hotel & Country Club,* 30 NY2d 246). While the court's failure to so charge herein was error, the lack of exception or request to charge by plaintiff did not preserve the error for our review (cf. CPLR 5501, subd [a], par 3). Next, the court's refusal to admit conversations of the plaintiff with the bartender was not error in light of the receipt of similar conversations between plaintiff and the hotel receptionist. Without considering whether a bartender would have a duty enjoined upon him by the nature of his employment to report any complaint to hotel management, we conclude that such proof herein would have been cumulative. In any event, the court charged that the hotel had notice of the icy condition of the lot two hours before the plaintiff's fall. The court's refusal to charge that plaintiff "as a matter of law" did not have to use an alternate and safer route in returning to her automobile, was proper. When alternate routes are available, a present danger has been perceived and one of the routes may be safer than the other, circumstances are created from which the jury might infer the presence or absence of negligence on the part of the plaintiff. A factual issue is created and it would be error for the court to remove such consideration from the jury (cf. *Friedman v City of New York,* 25 NY2d 764, 765). We have reviewed the court's charge and have concluded that it was both complete and fair. Other errors alleged by plaintiff are without merit and require no discussion. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.