PER CURIAM.
This tragic bicyclist-motorist collision in or near the U.S. 1 tunnel beneath New River in Fort Lauderdale rendered appellee a quadriplegic and resulted in an action against the motorist and appellant. The jury found for appellee against the motorist and awarded damages of $9,183,000, but found in favor of appellant.
Thereafter, the trial court granted appel-lee’s motion for new trial against appellant on three grounds. We reverse the trial court’s order and remand with direction to reenter final judgment for appellant in accordance with the jury’s verdict.
While we understand and appreciate the bases for the order, we conclude it was error to interfere with the jury’s verdict. The trial court first determined appellant’s replacing of lights in the tunnel prior to an anticipated jury view compelled a new trial. Appellee’s counsel informed the trial court during the trial that the case was not a lighting case while calling appellant’s actions to the court’s attention. If the conduct was to brighten up the tunnel for the jury view, even with the basest motive, there was no way—at that time—or at any retrial—to reconstruct the lighting conditions of the time of the accident, which conditions were a non-issue.
The trial court’s second reason involved an evidentiary decision it made during trial and now, on reflecting, considered to have been an erroneous one. Appellee objected to admission of accident reports because they were from a limited time frame only, four years, and she had requested copies of accident reports from the date of the tunnel’s opening to the date of the accident. Appellant routinely destroyed prior accident reports after a certain time period. We find appellant was entitled to have the jury consider that the records it still maintained revealed no bicycle accidents in the tunnel prior to the present accident and to have the reports as a basis for an expert’s opinion as to the tunnel’s safety. The value of either was arguable and for the jury to determine. Moreover, Darley v. Marquee Enterprises, Inc., 565 So.2d 715, 720 (Fla. 4th DCA 1990), is factually distinguishable.
The trial court’s third basis for granting a new trial, standing alone or in conjunction with the other two grounds, in our view did not justify impairment of the jury verdict. Appellee was attempting to show that the width of the lanes through the tunnel constituted a “hidden trap” to bicyclists. Appellant’s expert’s testimony at deposition was not materially different from that at trial. During his deposition the expert told appellee’s counsel that he was going to measure the lane and that if the measurements complied with the standards in effect at the time of the construction of the tunnel his opinion would be that the width of the tunnel lane did not constitute a “hidden trap” to bicyclists. Again, *832 were we to ascribe inappropriate conduct to the expert’s re-examination of the site without actual notice to appellee’s counsel, the difference in testimony occasioned thereby did not reach the level of consequential, substantive surprise. The jury concluded the responsibility for these permanently life changing injuries to appellee did not lay at the feet of appellant, based upon the competent evidence before it.
GLICKSTEIN, C.J., and WARNER and GARRETT, JJ., concur.