PER CURIAM.
Costco, the defendant below, appeals from a final judgment for plaintiff in a slip and fall suit. We affirm.
Armando Marsan was shopping at Costco when he stepped in a puddle of liquid *302 laundry detergent, slipped, and fell. The detergent had leaked from a container of a customer who was waiting in line to pay. Marsan ruptured a tendon and fractured a bone in his ankle; he required two surgeries, including a fusion with surgical screws.
During discovery, Costco answered interrogatories about prior slip and fall accidents at that store location, admitting that twenty-two such incidents had occurred before plaintiffs accident. Eighteen of the falls involved liquid or semi-liquid substances; five involved detergents or soaps; five occurred in the area where Marsan had fallen.
The trial court denied Costco’s motion in limine to prohibit plaintiff from introducing evidence of those other accidents at that Costco location within three years of plaintiffs accident.[1] In doing so, the trial court did not abuse its discretion. See Maryland Maint. Serv. v. Palmieri, 559 So.2d 74, 76 (Fla. 3d DCA 1990)(holding that constructive notice may be established “by showing that the condition occurred with regularity and, consequently, was foreseeable.”); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983) (holding that “a plaintiff may use evidence of the occurrence or nonoccurrence of prior or subsequent accidents to prove constructive notice of the dangerous character of a condition.”).
Moreover, the jury’s finding that Costco was negligent is supported by testimony by the company’s representative that each 135,000 square foot store is patrolled only once each hour in a “floor walk” by an assigned “Member Service Operative,” a security officer. Each floor walk lasted thirty to forty minutes: the employee was required to check the security of warehouse doors; check refrigeration temperature controls; and look for potentially dangerous conditions throughout the entire store.
We find no prejudice to defendant in the trial court’s use of the itemized verdict form.
AFFIRMED.

. Costco never requested a jury instruction from the court that the prior incidents were merely evidence of, and not proof of, negligence.