SCHWARTZ, Senior Judge.
 

 On June 1, 2006, the plaintiff Sandra Lewis fell on a rain soaked outside flight of terrazzo steps while leaving a hotel-restaurant on Miami Beach. She sued the operators and now appeals from a jury verdict and judgment for the defendants. She raises what is essentially a single issue, the claim that the trial court erred in permitting evidence that there had been no prior falls since the building was constructed and opened as the Waldorf Hotel in 1937. While the issue is far from unsubstantial we are compelled to disagree.
 

 It is well recognized that a no-accident history of the location of a premises liability case may be admitted into evidence for a variety of purposes including the central one of showing that the area was not in fact dangerous or defective. See
 
 Springtree Props., Inc. v. Hammond,
 
 692 So.2d 164, 165 (Fla.1997) (considering absence of similar accidents in determining whether fact issues remained); Cen
 
 t. Theatres v. Wilkinson,
 
 154 Fla. 589, 18 So.2d 755 (1944) (evidence that for several years there had been no accident from shooting at location admissible);
 
 State, Dep’t of Transp. v. Patterson,
 
 594 So.2d 830, 831 (Fla. 4th DCA 1992) (“[A]p-pellant was entitled to have the jury consider that the records it still maintained revealed no bicycle accidents in the tunnel prior to the present accident.”);
 
 McAllister v. Robbins,
 
 542 So.2d 470, 471 (Fla. 1st DCA 1989) (relying in part on evidence that no one had fallen over the concrete blocks at issue during the preceding seventeen years); see also
 
 Doe v. U.S.,
 
 718 F.2d 1039, 1043 (11th Cir.1983) (applying Florida law and approving evidence that for a number of years before the incident, there had never been a crime against a person committed on the premises); see generally Kenneth S. Broun, 1 McCormick on Evidence § 200 n. 34 (6th ed. 2009) (“A large number of cases recognize that lack of other accidents may be admissible to show (l)[an] absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or of grounds to realize) the danger.” (footnotes omitted))
 
 [1]
 
 ; 23 Fla. Jur.2d Evidence and Witnesses § 186 (2010); 29 Am.Jur.2d Evidence § 564 (2010).
 

 
 *874
 
 We conclude that reversal is not justified by the challenged ruling because in the last analysis, we cannot find the trial court abused the discretion it is said to have:
 

 (1) in the admission of evidence in general, see
 
 Ramirez v. State,
 
 810 So.2d 836, 852 n. 51 (Fla.2001);
 
 Fla. Inst. for Neurologic Rehab., Inc. v. Marshall,
 
 943 So.2d 976, 978 (Fla. 2d DCA 2006);
 
 LaMarr v. Lang
 
 796 So.2d 1208, 1209 (Fla. 5th DCA 2001);
 

 (2) more specifically, in the admission of testimony concerning the prior safety history of the site in question, that is, previous accidents or their absence, see
 
 Perret v. Seaboard Coast Line R.R. Co.,
 
 299 So.2d 590, 594 (Fla.1974);
 
 Williams v. Madden
 
 588 So.2d 41, 43 (Fla. 1st DCA 1991);
 
 Nance v. Winn Dixie Stores, Inc.,
 
 436 So.2d 1075 (Fla. 3d DCA 1983); see generally cases collected, Jay M. Zitter, Annotation, Admissibility of Evidence of Absence of Other Accidents or Injuries at Place Where Injury or Damage Occurred, 10 A.L.R. 5th 371 (1993);
 

 (3) in the even narrower but determinative issue as to whether the similarities in the previous circumstances outweigh the dissimilarities, so as to permit the introduction of that testimony. See
 
 Lawrence v. Fla. E. Coast Ry. Co.,
 
 346 So.2d 1012, 1015 (Fla.1977) (“[Djetermina-tions of whether a proper predicate of similarity exists should be left to the sound discretion of the trial judge.”);
 
 Friddle v. Seaboard Coast Line R.R. Co.,
 
 306 So.2d 97 (Fla.1974);
 
 Ry. Express Agency, Inc. v. Fulmer,
 
 227 So.2d 870, 873 (Fla.1969);
 
 Hogan v. Gable,
 
 30 So.3d 573, 575-76 (Fla. 1st DCA 2010);
 
 Warn Indus. v. Geist,
 
 343 So.2d 44 (Fla. 3d DCA 1977); but cf.
 
 Godfrey v. Precision Airmotive Corp.,
 
 46 So.3d 1020 (Fla. 5th DCA 2010);
 
 Cooper v. State,
 
 45 So.3d 490 (Fla. 4th DCA 2010) (concluding “the dissimilarities of these cases are greater than their similarities”). As to this latter point, the record shows that while there were (as there had to be) variations in the circumstances surrounding the steps and their use,
 
 [2]
 
 their basic dimensions, configuration, and composition — and their dangerous character, or
 
 *875
 
 lack of it remained constant for the seventy plus years they were in use.
 
 [3]
 
 See
 
 Erickson,
 
 supra note 1. The significance of that stark fact was properly for the jury to consider.
 
 [4]
 

 Affirmed.
 

 [1]
 

 . Citing
 
 Zheutlin v. Sperry & Hutchinson Co.,
 
 149 Conn. 364, 179 A.2d 829 (1962) (50,000 others had used curb without falling);
 
 McCarty v. Village of Nashwauk,
 
 282 Minn. 262, 164 N.W.2d 380, 382 (1969) (error to exclude evidence of absence of prior accidents on sidewalk);
 
 Wollaston v. Burlington N., Inc.,
 
 188 Mont. 192, 612 P.2d 1277, 1282 (1980) (no prior railroad crossing accidents);
 
 Wozniak v. 110 South Main St. Land & Dev. Im
 
 
 *874
 

 provement Corp.,
 
 61 A.D.2d 848, 402 N.Y.S.2d 69, 70 (1978) (no other falls in hotel parking lot);
 
 Rathbun v. Humphrey Co.,
 
 94 Ohio App. 429, 113 N.E.2d 877 (1953) (amusement ride placed near trees used by thousands without complaint);
 
 Baker v. Lane County,
 
 37 Or.App. 87, 586 P.2d 114, 117-18 (1978) (no other instances of children being injured at fairgrounds by reaching through outside fence to hold rope tethering horses). See also
 
 Costco Wholesale Corp. v. Marsan,
 
 823 So.2d 301 (Fla. 3d DCA 2002);
 
 Williams v. Madden
 
 588 So.2d 41, 43 (Fla. 1st DCA 1991).
 

 McCormick highlights why the admissibility of non-accidents as well as actual accidents is only fair.
 

 [I]t would seem perverse to tell a jury that one or two persons besides the plaintiff tripped on defendant’s stairwell while withholding from them the further information that another thousand persons descended the same stairs without incident.
 

 1 McCormick on Evidence § 200 and n. 30 (citing
 
 "Stein v. Trans World Airlines,
 
 25 A.D.2d 732, 268 N.Y.S.2d 752 (1966) (error to exclude evidence that many thousands had walked through same area in air terminal without slipping);
 
 Erickson v. Walgreen Drug Co.,
 
 120 Utah 31, 232 P.2d 210, 214 (1951) (error to exclude evidence that no one had slipped on terrazzo entranceway,
 
 regardless of weather conditions,
 
 for the 15 years during which at least 4000 persons entered the store every day)[e.s.];
 
 Mobbs v. Cent. Vt. Ry., Inc.,
 
 155 Vt. 210, 583 A.2d 566, 576 (1990);
 
 Stark v. Allis-Chalmers & Northwest Roads, 2
 
 Wash.App. 399, 467 P.2d 854, 858 (1970) (no similar accident with 10,000 allegedly faultily designed tractors).”).
 

 [2]
 

 . The plaintiff argues,
 

 the essential showing of substantially similar conditions would require some or all of the following facts: (1) it was raining and
 
 *875
 
 the stairs were wet; (2) the terrazzo on the stairs had been polished and the non-skid strips on the stairs had been removed and not replaced; (3) the hostess or manager was not in front of the stairs to warn people to be careful on their descent; (4) a 'wet floor’ warning sign had not been placed before the stairs, nor were the stairs covered with mats.
 

 We cannot accept the argument in this case because (1) the alleged distinctions were not specifically brought to the trial judge’s attention in opposing admissibility, precluding their consideration on appeal; see
 
 Aills v. Boemi,
 
 29 So.3d 1105, 1108 (Fla.2010);
 
 Suset Harbour Condo. Ass'n v. Robbins,
 
 914 So.2d 925, 928 (Fla.2005); and (2) “exactly identical circumstances cannot be realized and are not required.” 1 McCormick on Evidence § 200 n. 4; see
 
 Jones & Laughlin Steel Corp. v. Matherne,
 
 348 F.2d 394, 401 (5th Cir.1965) ("The differences between ... circumstances ... could have been developed to go to the weight to be given such evidence.”).
 

 [3]
 

 . Plaintiff’s argument on appeal that evidence of "seventy-one (71) years without an accident, would have been too remote to be relevant” is not sensible. We are not dealing with a question of whether or not there was an accident on the stairway’s birthday in 1937, but rather evidence that there had been no accident on any of the 25,915 days — come rain or come shine — prior to June 1, 2006, when the plaintiff fell.
 

 [4]
 

 . It should be pointed out that the prior history of the stairway was not a "feature” of the trial, which concerned the basic issues of damages, legal cause, contributory negligence, and most important from our point of view, a battle of the experts as to whether the design and construction of the stairway were sound. See
 
 Millar v. Tropical Gables Corp.,
 
 99 So.2d 589, 591 (Fla. 3d DCA 1958). Compare
 
 Hogan,
 
 30 So.3d at 575 (erroneous admission of prior accident history reversible error in light of becoming a feature of the trial);
 
 Ford Motor Co. v. Hall-Edwards,
 
 971 So.2d 854, 860 (Fla. 3d DCA 2007) (same). We have not overlooked the fact that defense counsel, in closing argument, did state that the fact there had never been a prior slip and fall was "the most important piece of evidence” in the case.