343 So.2d 44 (1977)
WARN INDUSTRIES et al., Appellants,
v.
Raymond GEIST et al., Appellees.
Nos. 75-740, 75-751, 75-939 and 75-940.
District Court of Appeal of Florida, Third District.
January 25, 1977.
Rehearing Denied March 2, 1977.
*45 Talburt, Kubicki & Bradley, Jeanne Heyward, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy, Virgin & Whittle, Podhurst, Orseck & Parks, Marlow, Mitzel & Ortmayer, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is the consolidation of two appeals and two interlocutory appeals in a product liability action, namely: an interlocutory appeal by defendants Warn Industries, Warn-Belleview, Inc., and St. Paul Insurance Company, from a final judgment in favor of the plaintiffs, Raymond and Lorna Geist; an appeal by those defendants from an amendment to the final judgment; an interlocutory appeal by defendant St. Paul from an order denying its motion for entry of an order for contribution from defendant Four Wheel Parts Wholesalers based on the pro rata share that the jury, by its verdict, attributed to each defendant; and an interlocutory appeal by defendants Warn Industries and Warn-Belleview from an order denying their motion for entry of an order allowing contribution from defendant Four Wheel Parts Wholesalers.
The record in this case is lengthy. Suffice it to say, this action stems from an accident occurring on April 16, 1973, wherein plaintiff Raymond Geist suffered the loss of a thumb and two fingers as he was *46 attempting to prepare a disabled vehicle for towing by use of a winch mechanism attached to his service station truck. Geist and his wife, Lorna, sued the manufacturer of the winch, Warn Industries and Warn-Belleview, Inc., (hereinafter referred to collectively as Warn), and Warn's insurer, St. Paul Insurance Company, for negligent design and manufacture and breach of warranty. Geist also sued his employee, Wheeler, who was operating the controls of the winch, and his insurer, as well as the distributors of the winch, Gulf Oil Corporation and Four Wheel Parts Wholesalers, for breach of warranty and negligence.
At the conclusion of the plaintiff's case, Gulf Oil and its insurer, and Wheeler and his insurer were voluntarily dismissed from the law suit. The jury returned a verdict in favor of the plaintiffs, finding that defendants Warn and Four Wheel Parts were guilty of negligence and of breaching their warranties, causing plaintiff's injuries; and that plaintiff was 15% negligent, Warn was 60% negligent and Four Wheel Parts was 25% negligent. Total damages were assessed for Raymond Geist in the amount of $365,000, and for Lorna Geist in the amount of $35,000. No question is raised on appeal as to the amount of the verdicts. Judgment was entered for Lorna Geist in the sum of $29,750, and for Raymond Geist in the sum of $310,250, thus reflecting the 15% comparative negligence. Subsequently, an amended final judgment was entered because of a $10,000 settlement with Wheeler and his insurer. Warn and St. Paul took two appeals, one from the judgment and the other from the amended judgment.
As their first point on appeal, defendants Warn and St. Paul contend that the court erred in allowing plaintiffs, over defendants' objections, to read into evidence, the following interrogatory and answer regarding a prior accident involving a Warn winch:
"If you have within the past five years received any complaint of injury or occurrence similar to those allegedly experienced by the plaintiff, please state for each such complaint its date.
Answer: December 18, 1971."
This point is not well taken.
As a general rule, evidence of the occurrence or non-occurrence of a prior accident is admissible where it pertains to the use of the same type of appliance or equipment under substantially similar conditions. Railway Express Agency, Inc., v. Fulmer, 227 So.2d 870, 873 (Fla. 1969). Such evidence is admissible, if the accident is not too remote in time, for the purpose of showing the dangerous character of the instrumentality and defendant's knowledge thereof. See Chambers v. Loftin, 67 So.2d 220, 222 (Fla. 1953). Also see Friddle v. Seaboard Coast Line Railroad Company, 306 So.2d 97 (Fla. 1974), wherein the Florida Supreme Court expresses agreement with the dissenting opinion of Judge Mager in Seaboard Coast Line Railroad Company v. Friddle, 290 So.2d 85, 87-91 (Fla.4th DCA 1974), citing 70 A.L.R.2d 171, 172, as follows:
* * * * * *
"... However, it has usually been held that only substantial similarity of conditions is required, and there is perhaps evident a trend  probably part of a general trend toward the more liberal admission of evidence  toward treating the question of sufficiency of similarity of conditions as primarily a matter for the trial court's discretion, and to freely admit the evidence of the prior accident together with evidence of variations in conditions, which is treated as going to weight rather than admissibility."
* * * * * *
In the instant case, we find that the trial court did not abuse its discretion in permitting the introduction into evidence of the reference to the prior accident where it was shown to have been a reasonably similar occurrence under similar circumstances.
The appellants' next point is that the court erred in denying a motion for directed verdict and in entering final judgment in favor of the plaintiffs where the verdict was against the manifest weight of *47 the evidence, and where the evidence established that plaintiff's own actions were the proximate cause of the accident.
On a motion for directed verdict, the evidence and reasonable inferences to be drawn therefrom are viewed in a light most favorable to the party moved against. Ramsey v. Ivey, 184 So.2d 499 (Fla.4th DCA 1966). On appeal to this court, all conflicts in the evidence and reasonable inferences therefrom are to be resolved in favor of the verdict. Florida East Coast Railway Company v. Morgan, 213 So.2d 632 (Fla.3rd DCA 1968). The record in this case contains ample substantial evidence from which the jury could find as it did.
Appellants Warn and St. Paul further contend that the trial court erred in refusing to grant their motion for new trial due to the failure of counsel for the plaintiffs and counsel for Four Wheel Parts to reveal the existence of a Mary Carter agreement between those parties.[1] The record fails to reflect that there was a Mary Carter agreement entered into by those parties. Moreover, the trial judge made specific inquiry of all counsel as to whether such an agreement existed, and upon being advised "categorically" that there was none, denied the motion for new trial on these grounds. No error has been demonstrated on this point or on any other point raised by Warn and St. Paul in their appeals from the judgment and the amended judgment. Therefore, both are affirmed.
On interlocutory appeal from an order dated May 15, 1975, denying a motion for entry of an order for contribution from defendant Four Wheel Parts, St. Paul contends that the trial court erred in entering such order, citing as authority, Section 768.31, Florida Statutes, and Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), both of which provide for contribution. We find that the trial court did not err in ruling as it did because on the date it entered the order, May 15, 1975, the statute had not become effective, and the Lincenberg case had not yet been decided.[2] We are compelled, however, to reverse the order even though it was not improper when entered. As provided in subsection 7 of Section 768.31, supra, the Uniform Contribution Among Tortfeasors Act, applies to "all causes of action pending on June 12, 1975, wherein the rights of contribution among joint tortfeasors is involved ..." The record demonstrates that this interlocutory appeal, which is an action involving the rights of contribution among joint tortfeasors, was pending on that date. Therefore, we hold that St. Paul is entitled to contribution.
Finally, as to the interlocutory appeal filed by Warn Industries and Warn-Belleview, we hold that Warn Industries and Warn-Belleview are entitled to contribution.
The final judgment and amended final judgment are affirmed. The order denying St. Paul's motion for contribution is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.
NOTES
[1] Under Florida law, a Mary Carter agreement occurs where the plaintiff agrees with one or more of several defendants to limit the liability of those defendants to a stated sum on certain contingencies, and the defendant undertakes payment of an agreed sum to the plaintiff if a defendant's verdict is rendered or if the verdict which is rendered for the plaintiff is less than a stated sum. Sometimes, if the verdict is in excess of an agreed sum, the plaintiff agrees not to execute on the judgment for any amount against that defendant entering into the Mary Carter agreement. The key feature is an agreement that plaintiff will recover a minimum sum from the agreeing defendant. Booth v. Mary Carter Paint Company, 202 So.2d 8 (Fla.2d DCA 1967). It also involves a motive for cooperation between parties to the agreement which should be disclosed to the jury. Ward v. Ochoa, 284 So.2d 385 (Fla. 1973). See Maule Industries, Inc., v. Rountree, 284 So.2d 389 (Fla. 1973); Imperial Elevator Company, Inc., v. Cohen, 311 So.2d 732 (Fla.3rd DCA 1975).
[2] Section 768.31, Florida Statutes, became effective on June 12, 1975, and Lincenberg v. Issen was filed by the Florida Supreme Court on July 30, 1975.