400 So.2d 1288 (1981)
I.B.L. CORPORATION, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
No. 80-1049.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied August 7, 1981.
Rudolph Browd, Miami, for appellant.
Steel, Hector & Davis and Donald M. Middlebrooks, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
HENDRY, Judge.
Appellant I.B.L. Corporation brings this appeal from final judgment entered in accordance with a jury verdict in its negligence action arising from a fire which totally destroyed the building housing its operations, which verdict and judgment found for appellee Florida Power & Light Company, defendant below. Appellant first contends that it was error for the trial judge to exclude evidence of a prior occurrence which involved the F.P. & L. transformers located on the utility pole adjacent to appellant's business premises.
Having made a careful review of the briefs, the record, and in particular the trial transcript in this cause, we conclude that the trial judge's ruling on this matter was eminently correct, since appellant failed to show sufficient similarity of the conditions, *1289 causes and circumstances surrounding both incidents so as to regard the disputed evidence as relevant and material. Perret v. Seaboard Coast Line Railroad Co., 299 So.2d 590 (Fla. 1974); Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969); Chambers v. Loftin, 67 So.2d 220 (Fla. 1953); Warn Industries v. Geist, 343 So.2d 44 (Fla.3d DCA), cert. denied, 353 So.2d 680 (Fla. 1977); Auto Specialties Manufacturing Co. v. Boutwell, 335 So.2d 291 (Fla.1st DCA), cert. dismissed, 341 So.2d 1080 (Fla. 1976). In this connection, it was noted by the trial judge that a paramount consideration was that the transformer which was involved in the earlier incident had been replaced prior to the occurrence here in question. The trial judge further stated as grounds for his exclusion ruling the likelihood that this evidence would introduce collateral issues and mislead the jury from the matter directly in controversy, a factor which weighs heavily against the admission of the evidence in question. See Perret v. Seaboard Coast Line Railroad Co., supra; Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886 (1932); Short v. Allen, 254 So.2d 34 (Fla.3d DCA 1971).
As to appellant's second point on appeal, that it was error to admit in evidence certain photographs taken of the fire scene, we find both that no error is shown on the record and furthermore, that appellant has failed to preserve this point on appeal by timely objection.
The judgment appealed is hereby
Affirmed.