FERGUSON, Judge.
Defendants appeal a final judgment in favor of plaintiff, Irving Dobkin, and an order granting his wife a new trial on loss of consortium damages only.
Irving Dobkin, a plumber, was injured while making repairs at the residence of one Robert Silverman. The injuries occurred when Dobkin fell while descending from Silverman’s roof on a ladder manufactured by Consolidated Aluminum Corporation. Dobkin brought suit' against defendants on theories of negligence, strict liability, and express and implied warranty. After a trial, the jury returned a verdict in favor of Dobkin on the negligence count and against him on the other two counts. Dobkin was found 25% negligent and defendants 75% negligent. The jury awarded Dobkin $285,000 in damages but did not award any damages to his wife on her loss of consortium claim. The trial court entered final judgment for Dobkin, and granted his wife a new trial on damages.
By this appeal defendants raise as error numerous evidentiary rulings. Several of the points have merit, requiring reversal and remand for a new trial.
As their first point on appeal, defendants claim that the trial court erroneously permitted plaintiff’s counsel to bring to the jury’s attention the fact that Silver-man had previously been a defendant in the lawsuit for supplying a defective ladder. Silverman had settled with plaintiff before trial. Defendants maintain that Section 768.041(3), Florida Statutes (1983) prohibits such remarks. The statute provides:
The fact of ... a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
This section has been interpreted to apply whether the party was dismissed by the plaintiff as a result of release or settlement, or whether the party was dismissed by court order. See Jordan v. City of Coral Gables, 191 So.2d 38 (Fla.1966); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982). It was error to bring to the jury’s attention the fact that Silverman was once a defendant in the lawsuit.
Plaintiff contends that it brought up this fact only to rebut defense counsel’s references to Silverman as an “independent eyewitness”. The same argument was rejected in City of Coral Gables v. Jordan, 186 So.2d 60 (Fla. 3d DCA), aff'd 191 So.2d 38 *337 (Fla.1966). In response to the plaintiffs argument that defendant had opened the door to the issue of the witness’s credibility, this court found that public policy favored the rule that offers of compromise and settlement may not be introduced except under unusual circumstances. As in that case, no unusual circumstances are present here.
Defendants next maintain that it was error to admit evidence of other accidents caused by alleged defects in ladders manufactured by Consolidated without proof of substantial similarity of the conditions, causes, and circumstances surrounding the incidents. We agree.
First, the plaintiff failed to show sufficient similarities between the two prior accidents and the plaintiffs accident, since different model ladders were involved, there were different conditions existing at the time of the accident, and the ladders were erected at different angles. See Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla.1969) (fact that conveyor system in question was chain propelled, that rectangular slats formed part of the conveyor, and that roller part of conveyor had one dead roller between two live rollers distinguished conveyor where plaintiff was injured from other conveyor systems on defendant’s premises and led to conclusion that plaintiff failed to establish substantial similarity between his and a prior accident); Short v. Allen, 254 So.2d 34 (Fla. 3d DCA 1971) (plaintiff who fell from lowered tailgate of station wagon could not introduce evidence of prior accident where a boy had fallen from tailgate of a station wagon because of “[t]he variables and differences inevitably existing in the circumstances of this and the prior accident”). Further, the jury might have been misled as to the weight to be given such evidence in the absence of the additional facts that in one case, a jury subsequently found no defect and ruled in favor of Consolidated, and in the other case, the jury found the plaintiff 80% negligent and Consolidated only 20% negligent. See Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886 (1932); I.B.L. Corp. v. Florida Power & Light Co., 400 So.2d 1288 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 466 (Fla.1982).
Defendants also raise as error the trial court's refusal to permit Silverman to testify about the accident-free history of the product. For the same reason that we find error in the introduction of evidence of prior accidents, because no showing of substantial similarity of conditions was made, we find that it was proper to exclude this evidence.
Finally, defendants correctly contend that the verdicts reached by the jury were inconsistent. The jury did not find defendants liable under the theory of strict liability, thus rejecting the claim that a defect existed in the ladder. Absent proof of a defect, there were no grounds upon which to find defendants negligent. See Husky Industries, Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983) (a defectively designed product is one that has been negligently designed). Although plaintiff insists that the jury could have determined that defendants were negligent in failing to warn or instruct, the undisputed evidence shows that plaintiff did not read the instructions on the ladder and therefore any failure to warn could not, as a matter of law, be the proximate cause of plaintiff’s injuries. The applicable rule was succinctly stated in Crawford v. DiMicco, 216 So.2d 769 (Fla. 4th DCA 1968):
Where the findings of a jury’s verdict in two or more respects are findings with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict. In such circumstances, contradictory findings mutually destroy each other and result in no valid verdict, and a trial court’s judgment based thereupon is erroneous. 216 So.2d at 771.
The error was properly preserved for appeal where the inconsistency of the verdict was brought to the trial court’s attention prior to the jury being discharged. See Atlantic Coast Line R. Co. v. Price, 46 So.2d 481 (Fla.1950) (trial counsel must *338 bring inconsistency of verdict to trial court’s attention before the jury is discharged); Keller Industries, Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982) (same).
Since the entire claim must be tried anew, it is unnecessary to address defendant’s final point on appeal, that the trial court erred in granting a new trial on the wife’s loss of consortium claim.
Reversed and remanded for a new trial.