CAMPBELL, Judge.
Appellees, Erwin and Ursula Weinreich, filed a complaint against appellants, A.G. Edwards & Sons and Sherwin Crowne, alleging, among other things, one count of common law negligence. The jury returned a general verdict for appellees on *994 the common law negligence count and made a special finding that appellees were fifty percent comparatively negligent. In this appeal, appellants challenge the jury verdict for appellees on the common law negligence count. We essentially agree with appellants on both issues raised in this appeal and reverse. •
Appellees’ alleged cause of action against appellants grew out of appellees’ sale of the Seaside Resort of Longboat Key to a third party buyer. As partial payment for the purchase price, appellees took back a promissory note. Rather than secure the note with a mortgage, however, appellees elected to have a bond serve as collateral security. The third party buyer of the resort purchased this bond from appellants. Appellees had no contact or dealings with appellants in regard to the purchase of the bond. After the purchasers of Seaside Resort defaulted on the note, appellees discovered what they perceived to be the inadequacy of the bond to secure the note and sued appellants for their alleged negligence in issuing that type of bond.
Appellants argue first that the trial court erred in instructing the jury that a violation of sections 517.301 and 517.311, Florida Statutes (1983) constituted negligence per se on the part of appellants. They maintain that this was error because appellees were not members of the class which those statutes were designed to protect. We agree and find the case of E.F. Hutton & Co., Inc. v. Rousseff, 537 So.2d 978 (Fla.1989) dispositive. The court in Hutton was called upon to discuss comparisons between the Florida Securities and Investor Protection Act, chapter 517, Florida Statutes, and the Federal Securities Act of 1933, 15 U.S.C. §§ 77a-77bbbb (1982). In doing so, the Hutton court observed that the Federal Act requires no privity between a buyer and seller of securities to afford relief under the act but that, to the contrary, the Florida statute requires buyer/seller privity in order to afford a remedy pursuant to the statute. 537 So.2d at 981. In this case, no buyer/seller privity existed between appellants and appellees. While appellants were the sellers of a security, appellees were not the purchasers of that security.
Appellants argue next that the trial judge improperly permitted appellees to amend their pleadings after the close of all the evidence so as to allege and join a “negligence per se action,” arising out of the alleged violation of chapter 517, with appellees’ previously pleaded common law negligence action. The trial judge himself, recognizing the danger of instructing the jury on such negligence per se arising out of a violation of chapter 517, stated: “This jury instruction is an absolute reversible error if I go the wrong way. So you gentlemen be careful with this one.”
In their fourth amended complaint appel-lees alleged one count (Count VIII) of negligence. The allegations of that pleading did not refer to chapter 517 or any other statute the violation of which would constitute negligence. Count VIII was a count solely involving common law negligence. At the close of the evidence, appellees sought a jury instruction, based upon sections 517.301 and 517.311, that would instruct the jury that a violation of those statutes was negligence per se. When appellants objected that such an instruction was outside the scope of the pleadings, appellees moved to amend the pleadings. Although the court stated that it was granting the motion, no actual amendment took place, and it is clear .that no additional count of negligence per se arising out of an alleged violation of chapter 517 was ever added to appellees’ cause of action. What is clear is that appellees were not amending their pleadings to add a statutory cause of action, but were somehow seeking to amend their common law negligence Count VIII so as to allow evidence of the alleged violation of chapter 517 to be introduced as evidence of negligence per se in proof of their common law negligence count. Counsel for appellees, in his argument in support of his motion to amend, stated: “In this instance we’re not claiming a cause of action based upon the statutory right. We’re simply claiming that the violation of the statute is negligence and we’re entitled to an instruction to that ef- *995 feet.” Negligence per se is not an issue that is separate from or alternative to negligence. The theory of negligence per se provides a plaintiff with an evidentiary tool for proving negligence. It is not a different cause of action.
The trial judge, recognizing the possible danger of an error in such an instruction, nevertheless agreed with appellees’ counsel and gave the instruction on negligence, including that of negligence per se for violation of chapter 517. The essential parts of that instruction, as read to the jury, were as follows:
I will now instruct you on the issues you must consider in determining each of the claims. One, defendants, Sherwin A. Crowne and A.G. Edwards & Sons, Inc., on negligence. The issue for your determination on the negligence claim of the plaintiffs, Mr. and Mrs. Weinreich, against defendants, Sherwin A. Crowne and A.G. Edwards & Sons, Inc., are whether defendant Sherwin A. Crowne was negligent in writing the letter dated January the 30th, 1985.
If the greater weight of the evidence does not support the claim of plaintiffs, Mr. and Mrs. Weinreich, then your verdict on the negligence claim should be for the defendants, Sherwin A. Crowne and A.G. Edwards & Sons, Inc. If, however, the greater weight of the evidence does support the claim of the plaintiffs, Mr. and Mrs. Weinreich, against defendant Sherwin A. Crowne then your verdict on the negligent claim shall be for the plaintiffs, Mr. and Mrs. Weinreich, and against defendants, Sherwin A. Crowne and A.G. Edwards & Sons, Inc.
If, however, the greater weight of the evidence does support the claim of negligence by the plaintiffs, Erwin and Ursula Weinreich, against the defendants, Sher-win A. Crowne and A.G. Edwards & Sons, Inc., then you shall consider the defense of comparative negligence raised by the defendants. On that defense, the issue for your determination — issues for your determination are: Whether the plaintiffs, Erwin and Ursula Weinreich, were themselves — failed to exercise care relative to the contract and the closing on the sale of the Seaside Resort and, if so, whether such failure to use reasonable care was a contributing legal cause of the injury or damage complained of.
[[Image here]]
Now, negligence: Negligence is a failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under the circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
In considering the issue of the negligence of Sherwin A. Crowne, I will read applicable parts of two Florida Statutes. Florida Statutes 517.301 provides: One, it is unlawful for a person, A, in connection with an offer of sale or purchase of any investment or security, A-l, to obtain money or property by means of any untrue statement of a material fact or any admission to state a material fact necessary in order to make the statements made, in the light of the circumstances on which they were made, not misleading.
Florida Statutes 517.311, Subsection 1: It is unlawful for any person to misrepresent that such security has been guarantied, sponsored, recommended or approved by the United States. Violation of either of these statutes is negligence.
If you find that Sherwin A. Crowne, by his letter of January the 30th, 1985, violated either statute, Mr. Crowne was negligent. You should then determine whether such negligence was a legal cause of the damage complained of by the plaintiffs, Mr. and Mrs. Weinreich.
(Emphasis supplied.)
It is evident from the record that the allowed “amendment to the pleadings” regarding a violation of chapter 517 was not an amendment that added another cause of action based on a negligence per se theory, but simply allowed the use of appellants’ alleged violation of chapter 517 to show negligence per se in order to ultimately prove the negligence previously alleged in *996 Count VIII. Since that amendment did not create two alternative causes of action or two issues, Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977) is not applicable to this case. Moreover, as there was no privity between appellants and ap-pellees, any use of chapter 517 in the proceeding below was error. The manner in which the instruction was given so heavily emphasized a violation of chapter 517 as negligence per se that it could not fail to prejudice appellants to the extent that a new trial should be ordered. We, therefore, reverse and remand for a new trial.
SCHOONOVER, C.J., and HALL, J., concur.