606 So.2d 1213 (1992)
Loretta BERAGLIA and Sergio BERAGLIA, her husband, Appellants,
v.
OWENS-CORNING FIBERGLAS CORPORATION and W.R. Grace Company  Conn., Appellees.
No. 91-1960.
District Court of Appeal of Florida, Third District.
October 6, 1992.
Rehearing Denied December 1, 1992.
*1214 David M. Lipman, Miami, for appellants.
Blackwell & Walker and James E. Tribble, Kubicki, Draper, Gallagher & McGrane, Betsy E. Gallagher and Julio C. Jaramillo, Miami, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Loretta and Sergio Beraglia from a final judgment entered upon an adverse jury verdict in a products liability negligence action arising out of an alleged exposure to asbestos material. The sole point on appeal is that the trial court erred in dismissing the plaintiffs' strict liability count in their complaint. We reverse for a new trial.
First, we conclude, contrary to the defendants' argument, that the plaintiffs pled a viable cause of action for strict liability in tort, and not, as urged, a mere negligence count. It was alleged in count II of the complaint as follows:
"COUNT II  STRICT LIABILITY

15. The allegations contained in paragraphs 1 through 9 are realleged.
16. Each of the Defendants' asbestos products contained latent characteristics or latent functional manufacturing and design defects at the time they were manufactured and at the time Plaintiff was exposed to the asbestos fibers from those products which each of the Defendants knew or, in the exercise of reasonable care should have known, would cause injuries to persons such as the Plaintiff.
17. At the time of Plaintiff's exposure, the Defendants' asbestos products were being used in the manner intended and without substantial change affecting their condition, but they contained latent characteristics or latent manufacturing design defects which made them unreasonably dangerous and unfit for their intended use, in that:
a. the products were designed to contain asbestos, a substance hazardous and highly harmful to the Plaintiff's body;
b. the Defendants failed to adequately test their products to determine the harmful effects caused by inhalation of asbestos fibers;
c. the products did not contain a sufficient warning to advise Plaintiff that the asbestos and asbestos-containing products were extremely harmful to his health and the health of his family members.
18. Plaintiff's illness was a direct and proximate result of the products' defects and Plaintiff has suffered the damages described.
WHEREFORE, Plaintiff demands compensatory damages, punitive damages, and trial by jury of all issues so triable in this cause."
R.8-9 (emphasis added). We recognize that the plaintiffs unnecessarily alleged that the defendants knew or should have known that their asbestos material could cause injury to those exposed to such material, such as the plaintiff, but we regard this negligence-type allegation as mere surplusage which need not be proven at trial. Plainly, this count in all other respects properly pleads a cause of action for strict liability in tort. Harrell v. Hess Oil & Chem. Corp., 287 So.2d 291, 294 (Fla. 1973); Balbontin v. Porias, 215 So.2d 732, 734 (Fla. 1968); Cassisi v. Maytag Co., 396 So.2d 1140, 1143 (Fla. 1st DCA 1981); Clark v. Boeing Co., 395 So.2d 1226, 1229 (Fla. 3d DCA 1981); see Zyferman v. Taylor, 444 So.2d 1088, 1091 (Fla. 4th DCA), rev. denied, 453 So.2d 44 (Fla. 1984).
Second, we reject the defendants' arguments that this point has not been *1215 properly preserved for appellate review. In accord with nearly ten years of litigation below involving hundreds of multi-defendant products liability asbestos cases [which Judge Harold Vann and Judge Richard Fuller exclusively handled by special administrative order of Chief Judge Gerald Wetherington], all strict liability in tort counts were considered dismissed, and only in the event of a defense verdict, as here, was a nunc pro tunc order to be entered memorializing this long-standing ruling so as to permit appellate review thereon. Indeed, in the instant case, the trial court entered a pretrial order dated April 2, 1991, which refers to the defendant W.R. Grace's motion to dismiss the strict liability in tort count as a "standard" motion, and enters the "standard rulings" thereon. (R.66) This procedure, as explained by Judge Fuller below, was done as a judicial administrative measure specifically tailored to this type of complex litigation. Contrary to the defendants' argument, we find the nunc pro tunc order of dismissal entered in this case was perfectly acceptable to memorialize the long-standing pretrial dismissal of strict liability counts in these asbestos cases. A nunc pro tunc order, as recognized in Florida, may, as here, "evidence a [j]udge's prior action for which there is insufficient record," Henry P. Trawick, Florida Practice and Procedure § 15.3, at 237 (1991). This being so, the plaintiffs did not, as urged, waive their strict liability in tort count by proceeding to trial on the negligence count only.
Finally, we reject the defendants' argument that the error in dismissing the products liability count was harmless. As previously stated, this count, in fact, properly pled a cause of action for strict liability in tort, and was not, as urged, the equivalent of a negligence count. Moreover, the two-issue rule, as stated in Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977), and interpreted in Gonzalez v. Leon, 511 So.2d 606 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 577 (Fla. 1988), has no application to this case. This is so because the error complained of pertains to the dismissal of a cause of action, strict liability in tort, which was never tried below. The jury's negative response to the interrogatory verdict question, "Was there negligence on the part of the [d]efendants which was a legal cause of damage to Loretta Beraglia," pertained solely to the negligence count which was tried below and therefore can have no appellate impact, as urged, on the dismissal of the strict liability in tort count. A.G. Edwards & Sons, Inc. v. Weinreich, 572 So.2d 993 (Fla. 2d DCA 1990) (post-trial amendment did not add a second cause of action of negligence per se to plaintiff's negligence action; where only one issue presented to jury, two-issue rule does not preclude reversal where error is found).
The final judgment under review is reversed and the cause is remanded to the trial court for a trial solely on the plaintiffs' strict liability in tort count.
Reversed.