630 So.2d 1173 (1994)
Jody Lloyd JACKSON, Appellant,
v.
H.L. BOUTON CO., INC., Appellee.
No. 92-3411.
District Court of Appeal of Florida, First District.
January 12, 1994.
*1174 Robert L. Hinkle and Howard E. Burgess, Jr., Aurell, Radey, Hinkle, Thomas & Beranek, and Donald M. Hinkle, Fonvielle & Hinkle, Tallahassee, for appellant.
Nancy Staff Slayden and Bruce W. Robinson, Brannon, Brown, Haley, Robinson & Cole, Lake City, for appellee.
KAHN, Judge.
In this products liability action, appellant Jody Lloyd Jackson seeks damages from appellee H.L. Bouton Company, Inc. (Bouton) for the tragic loss of an eye. From an adverse summary judgment on his strict liability count, and a defense verdict on his negligence count, Jackson brings this appeal. Jackson contends that the trial court (1) erred in granting the motion for summary judgment on strict liability, and (2) abused its discretion by admitting evidence of the absence of prior complaints involving Bouton's 9800 series safety glasses in the negligence action. We reverse the trial court's order granting summary judgment on strict liability and affirm the jury verdict on the negligence count.
In his suit against Bouton, Jackson alleged he suffered the eye injury while working for SportCraft, Inc., a manufacturer of fiberglass boats in Lafayette County. The amended complaint in this case contains no allegation as to the specific activity being engaged in by Mr. Jackson at the time of the injury. At trial, Jackson testified he was using a sledge hammer and a cold chisel to remove fiberglass boat decks from molds when a piece of the chisel broke off and struck his left eye. Jackson further testified he was wearing 9800 safety glasses, manufactured by Bouton at the time of the injury. Other than the plaintiff, no witnesses to the accident appeared at trial.
With the pretrial motion for summary judgment, Bouton filed the affidavit of its engineering manager, Kenneth Duffie, Jr. Duffie's affidavit, which turned out to be substantially similar to his testimony later at trial, established that Bouton did not sell its *1175 glasses directly to SportCraft and was unaware of the usage to which they would ultimately be put. He noted, however, that the glasses were packaged with a warning and complied with industrial standards as set forth under ANSI Z87.1.[1]
In opposition to the motion for summary judgment, Jackson produced the affidavit of Charles Benedict, Ph.D., a forensic engineer, who stated that the glasses are defective and unreasonably dangerous in that they do not provide adequate protection for the eyes. He stated that "where it is foreseeable that front eye protection would be necessary, vertical and horizontal protection from debris should also be provided." Dr. Benedict found the design of the glasses defective, and concluded the injury would not have occurred had the manufacturer equipped the glasses with horizontal and vertical protection. He also noted that sales literature allegedly inserted with the product packaging failed to adequately warn of the risk of serious injury.
The trial court entered an order granting summary judgment on the strict liability claim and denying the motion as to the negligence claim. This was error.
The movant for summary judgment bears the burden of showing, by competent evidence, the nonexistence of any question of material fact. The movant's proof must be conclusive, such that all reasonable inferences which may be drawn in favor of the opposing party are overcome. Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979), Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966), and Lenhal Realty, Inc. v. Transamerica Commercial Finance Corp., 615 So.2d 207, 208 (Fla. 4th DCA 1993). "[I]f the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991). Here, there was a genuine factual dispute as to whether the design of the glasses, and the warnings provided to the user were defective. See Light v. Weldarc Co., Inc., 569 So.2d 1302 (Fla. 5th DCA 1990) (summary judgment on strict liability claim improper because a genuine factual dispute existed as to the unreasonably dangerous condition of the safety glasses used). Jackson correctly points out that just as a violation of industry standards is merely evidence of negligence, Seaboard Coast Line R.R. v. Clark, 491 So.2d 1196, 1198 (Fla. 4th DCA 1986), compliance with industry standards is merely evidence that a product was not defective. See, e.g. Schroth v. Norton Co., 185 Ill. App.3d 575, 133 Ill.Dec. 644, 647, 541 N.E.2d 855, 858 appeal denied, 127 Ill.2d 641, 136 Ill.Dec. 607, 545 N.E.2d 131 (Ill. 1989) (evidence that safety glasses conformed to federal standards would not preclude a determination that the glasses were defective). We conclude that Bouton did not meet its burden of proving the non-existence of a genuine issue of material fact. See Holl, supra, at 43-44. The summary judgment must be reversed.[2]
In order to analyze the issue concerning admission of certain testimony, we set out in some detail the factual scenario against which the trial court made the ruling now challenged by Mr. Jackson. We first look at the complaint filed by Jackson.
In his amended complaint, plaintiff alleged that Bouton's "safety spectacles ... failed to adequately protect Mr. Jackson's eyes," and that as a result "debris generated by plaintiff in the course of his employment was allowed to strike and penetrate his eye." Plaintiff further alleged, "The safety spectacles failed to meet a reasonable consumer's expectations as to safety."
At trial, plaintiff's case as to product defectiveness was largely advanced through the testimony of Charles Benedict. Dr. Benedict, offered by plaintiff as an expert in the field of product design and safety, was of the general opinion that the 9800 series glasses are defective because they do not provide adequate protection for the eyes during foreseeable uses in the workplace. In particular, the 9800 glasses do not provide sufficient *1176 vertical and horizontal protection from debris. Benedict made the following comments, which we find instructive in our consideration of the evidentiary issue presented to use:
"The whole purpose of safety glasses is to keep particles out of your eyes. That's the only reason you wear them."
"So if my eyes can see daylight around these glasses then what that says is if something comes in between my glasses and there, it can go into my eye."
"So if anything can get into the eye, if its a set of safety glasses for that intended use, then the safety glasses should be ... redesigned ... to prevent that from occurring."
"These glasses are not safe for their intended use. They allow particles to get into the eyes."
Mr. Jackson testified on his own behalf during plaintiff's case in chief. He was born and raised in Lafayette County and has worked for SportCraft intermittently since the early 1970's. He identified the series 9800 glasses put into evidence and testified that SportCraft has used the same eye protection for employees since the early 1970's when he first worked for the company.
Bouton called Mr. Clyde Hendry, who was for nine years a purchasing agent for SportCraft in charge of buying safety eye wear. Hendry testified that the job of pulling hulls from molds remained basically the same during the nine years he worked for SportCraft. In response to a question by defense counsel, which was not objected to by plaintiff's counsel, Hendry testified that no other eye injury besides Jackson's had been reported by workers pulling molds while wearing Bouton 9800 safety spectacles. On cross-examination of Hendry, plaintiff's counsel brought out the fact that during Hendry's nine years, no eye injury had occurred to any SportCraft employee while utilizing Bouton's safety glasses.
The evidentiary ruling to which objection has been raised occurred during the testimony of Kenneth Duffie, the Bouton engineering manager. Bouton's lawyer asked, "[H]as anyone ever raised a question of the danger of that piece, that open piece between the two bars on the safety spectacles."[3] Plaintiff's counsel objected: "I don't think there has been a proper predicate for him to testify about substantial similarities of either other incidents or the lack thereof." Counsel for Bouton responded: "If we're talking about negligent design and manufacture, I think that certainly is relevant as to whether they were negligent in the design or manufacture and the selling of these." When the judge overruled the objection, Duffie replied, "There have been no complaints."
Florida cases note that, as a general rule, evidence of the occurrence or nonoccurrence of prior accidents is admissible where such pertains to the same type of appliance or equipment under substantially similar circumstances. See Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870, 873 (Fla. 1969); Lasar Manufacturing Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); Warn Industries v. Geist, 343 So.2d 44 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 680 (Fla. 1977); Charles W. Ehrhardt, Florida Evidence, § 411.2 at 226 (1992). Such evidence is admissible for the purpose of showing the dangerous character of an instrumentality and also to show the defendant's knowledge. A trial court's decision to admit evidence of the occurrence or nonoccurrence of prior accidents under substantially similar conditions is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. Lasar Manufacturing Co. v. Bachanov.
In this case the testimony went directly to the issue of Bouton's knowledge (or lack thereof) of a danger alleged to be inherent in its glasses. One measure of the duty element of a negligence cause of action is the defendant's actual or implied knowledge of a defect in items it has produced or sold. See Carter v. Hector Supply Co., 128 So.2d 390 (Fla. 1961). Duffie's testimony was probative of the degree of Bouton's knowledge.
*1177 Jackson argues that because Duffie had little or no information concerning the end use of its safety glasses, his testimony of no complaints was rendered incompetent. He contends that the failure to show "substantial similarity of conditions of use" is fatal, relying primarily upon Ashby Div. of Consolidated Aluminum Corp. v. Dobkin, 458 So.2d 335 (Fla. 3d DCA 1984). This decision is not controlling because it does not discuss admissibility to prove lack of notice of a defect. In fact, the Dobkin case gives no indication of the purpose for which the defendant tried to introduce evidence "about the accident-free history of the product." 458 So.2d at 337. Moreover, the court in Dobkin did not note its earlier decision in Warn Industries, supra. The Warn Industries opinion commented favorably on the trend "toward treating the question of sufficiency of similarity of conditions as primarily a matter for the trial court's discretion, and to freely admit the evidence of the prior accident together with evidence of variations in conditions, which is treated as going to weight rather than admissibility." 343 So.2d at 46.[4]
We also view the questioned testimony as directly responsive to at least one issue framed by Jackson's amended complaint, and to several of the indictments raised against the product by Dr. Benedict. A lack of complaints is relevant to rebut the allegation that the spectacles do not meet a reasonable consumer's expectations as to safety. Similarly, in light of those excerpts from Dr. Benedict's testimony set out above, it is reasonable to conclude that plaintiff took the position that the glasses are defective if they allow "particles", "something", or "anything" to reach the user's eye. Duffie's testimony countered this position by suggesting that such had not occurred.
In cross-examination of Duffie, plaintiff pointed out that Bouton sells the 9800 glasses for use in "metal works and chipping and chiseling and other environments such as that." During this cross-examination, and again in closing argument, plaintiff took the position that Bouton has been "selling millions" of the glasses. These matters somewhat lessen the impact of appellant's contention concerning the predicate showing of substantially similar use. In any event, we will not overlook the testimony of Hendry and of Jackson himself, indicating years of use at the same task. No abuse of discretion in admission of the evidence is shown.
We REVERSE the order granting summary judgment on strict liability, AFFIRM the verdict on negligence, and REMAND for proceedings consistent with this opinion.
SMITH and MICKLE, JJ., concur.
NOTES
[1] ANSI standards (American National Standards Institute) are standards provided by a private, voluntary organization.
[2] The error in dismissing the strict liability count may not be considered harmless, even though the jury ultimately found that Bouton was not negligent. See Beraglia v. Owens-Corning Fiberglas Corp., 606 So.2d 1213 (Fla. 3d DCA 1992).
[3] Plaintiff's case theorized that the particle ricocheted off the top bar of the "open piece" of the glasses which fit over plaintiff's nose, and as a result, struck his eye.
[4] Dobkin affirmed a ruling excluding testimony about an accident-free history. Accordingly, it is consistent with the cases deferring to the trial court's sound discretion in matters involving the admission or exclusion of evidence.