775 So.2d 311 (2000)
GULFWIND SOUTH, INC., d/b/a Gulfwind Marine, Appellant,
v.
Harriet JONES, Appellees.
No. 2D99-677.
District Court of Appeal of Florida, Second District.
May 12, 2000.
*312 Gregory A. Anderson and John J. Glenn of Anderson St. Denis & Glenn, P.A., Fort Lauderdale, for Appellant.
Edward K. Cheffy, of Cheffy, Passidomo, Wilson & Johnson, Naples, for Appellee.
DAVIS, Judge.
Gulfwind South, Inc., d/b/a Gulfwind Marine, a boat dealership, appeals a final judgment in favor of Harriet Jones, in which the trial court ruled that Jones and her husband validly revoked acceptance of a boat she purchased from Gulfwind. The trial court's final judgment ordered Gulfwind to return to Jones the purchase price of the boat, plus interest. Because the trial court's express and implicit findings of fact and conclusions of law are inconsistent, we reverse the trial court's final judgment and remand for a new trial.
In May 1995, Harriet Jones purchased a high performance boat for her husband from Gulfwind. After a year of continuous problems and attempted repairs, the Joneses revoked their acceptance of the boat and demanded either a new boat or the return of their money. When Gulfwind refused to return the purchase price, Harriet Jones filed suit against Gulfwind and the manufacturer, Sea Ray. The amended complaint included six counts: (1) revocation of acceptance, (2) breach of express warranty, (3) breach of contract, (4) breach of implied warranty of merchantability, (5) deceptive advertising, and (6) violation of the Florida Deceptive and Unfair Trade Practices Act. The case proceeded to a two-day bench trial. Curiously, the trial court ruled in favor of the dealer and the manufacturer on Counts Two through Six, but determined that Jones justifiedly and timely revoked his acceptance. Gulfwind appeals this order.
Before Jones could legally revoke acceptance, she had to show that the boat was "nonconforming," and that the nonconformity "substantially impaired" the boat's value. See § 672.608, Fla. Stat. (1995). Additionally, Jones had to demonstrate that the dealer had the opportunity to cure the defects, but failed to do so "seasonably," and that Jones revoked her acceptance within a "reasonable time." See id. The trial court found a specific nonconformity, that is, defective engines, which substantially impaired the boat's value:
There was never a time when the boat, while in Plaintiff's possession, was running in a way in which Plaintiff would be able to enjoy it because of the problems with both of the engines.... The court finds that the essential purpose for which Plaintiff purchased the boat was *313 entirely frustrated by the condition of the engines.
However, Gulfwind argues that through its rulings on Counts Two through Six, the trial court impliedly made certain findings of fact that require the reversal as to Count One. We agree.
A seller ordinarily tenders conforming goods to the buyer when the goods are in accordance with the terms of a contract. See Frank Griffin Volkswagen, Inc. v. Smith, 610 So.2d 597, 599 (Fla. 1st DCA 1992). Similarly, before a buyer can elect to revoke acceptance, he or she must demonstrate a nonconformity to some provision in the contract, or nonconformity to a warranty, to which the goods must conform. See McCormick Machinery, Inc. v. Julian E. Johnson & Sons, Inc., 523 So.2d 651, 656 (Fla. 1st DCA 1988).
Herein lies the trial court's inconsistent judgment. When the trial court ruled in favor of Gulfwind on Counts Two, Three, and Four, it necessarily made one of two implicit findings: (1) no contractual or warranty provision existed to set the standard for conformity, or (2) the facts did not show a breach of a standard for conformity. On the other hand, before the trial court could find a valid revocation of acceptance, it had to find that there was, in fact, a contractual or warranty provision setting a standard of conformity, and the facts demonstrated nonconformity with that standard. Thus, the trial court's ruling on Count One directly conflicts with its rulings on Counts Two, Three, and Four.
Although the trial court's final judgment outlines a nonconformity, that is, the boat's engines, it does not make a specific finding as to where it found a contractual or warranty provision which sets the standard for conformity. If Jones proved the existence of such a contractual or warranty provision, then the trial court erroneously denied relief as to either Counts Two, Three, or Four. If, on the other hand, the record fails to support the finding that such a provision existed, then the trial court's ruling on Count One is in error. With this inconsistency, we cannot affirm the trial court's final judgment. Since the trial court's final judgment necessarily relies on these crucial findings of fact, we reverse and remand to the trial court for a new trial. See Ashby Div. of Consolidated Aluminum Corp. v. Dobkin, 458 So.2d 335, 337 (Fla. 3d DCA 1984).
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., Concurs.
BLUE, J., Dissents with opinion.
BLUE, Judge, Dissenting.
I respectfully dissent. I agree that the judgment in favor of Mrs. Jones for $184,821 should be reversed; however, I conclude the case should be remanded with instructions to enter judgment for Gulfwind.
Mrs. Jones purchased the boat in question as a gift for Mr. Jones. The boat was not new, but the Joneses requested and Gulfwind agreed that "boat to be in new condition when delivered." Because there were no other warranties by Gulfwind, it was the "new condition" language which the Joneses relied on to sustain their claim. The boat was owned and used by the Joneses for approximately one year before they sought to revoke acceptance. During that year, Mr. Jones crossed the state through Lake Okeechobee, proceeded to the Bahamas, crossing the Gulf Stream, then back to Fort Myers in the boat. Before the trip to and from the Bahamas, Mr. Jones had complained of many minor problems with the boat. He reported that the twin motors on the boat did not operate satisfactorily on the Bahamas trip.
After Gulfwind had failed to repair the boat to Mr. Jones' satisfaction, the Joneses sought to revoke acceptance. At about the same time, Mercury Motors, who was not a party to this action but who warranted the twin motors, agreed to replace both *314 motors on the boat. Mr. and Mrs. Jones refused the offer and sought to enforce their right to revocation of acceptance by filing this action against Gulfwind. The trial court entered judgment against Gulfwind for the purchase price of $148,525 and prejudgment interest of $36,296, for a total of $184,821 based on the defective motors.
Although one might question the factual support for the judgment on appeal or that the trial court's ruling expands section 672.608 into a general "lemon law," these are not the reasons I dissent. I agree with the majority opinion that it was error for the trial court to find a valid revocation of acceptance without a finding that there existed a contractual or warranty provision setting a standard of conformity and without a factual basis for a finding of nonconformity to the standard. I conclude the trial court properly ruled there existed no contractual or warranty provision to set the standard for conformity. Accordingly, I would reverse and remand for entry of judgment in favor of Gulfwind.