919 So.2d 650 (2006)
Lisa Marie FALCO, individually and as the parent and natural guardian of the plaintiff, Devon Neely, a minor, Appellant,
v.
Carina Jean COPELAND, Superlube, Inc., a Florida corporation, Bridgestone/Firestone North America Tire, L.L.C., successor to Bridgestone/Firestone, Inc., a foreign corporation, Bridgestone Corporation, a foreign corporation, North Shore Laboratories Corporation, a foreign corporation, William Lane and James Lane d/b/a Wiregrass Distributing Co., a foreign business, and Safety Tire Seal Corporation, a foreign corporation, Appellees.
No. 1D04-4432.
District Court of Appeal of Florida, First District.
January 26, 2006.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for Appellant.
John M. Fite of Barron, Redding, Hughes, Fite, Fensom, Sanborn & Kiehn, *651 P.A., Panama City, for Appellees James Lane and William Lane, d/b/a Wiregrass Distributing Company.
W. Cleveland Acree, II and Daniel A. Tressler, II of The Unger Law Group, P.L., Orlando, for Appellees North Shore Laboratories Corporation and Safety Tire Seal Corporation.
ALLEN, J.
The appellant challenges final summary judgments entered for the appellees Wiregrass, North Shore Laboratories, and Safety Tire Seal, in the appellant's action for damages on injuries sustained in connection with an automobile accident. The claims against these appellees were based on negligence and product liability, and a failure to warn, with regard to plugs used to repair tire punctures. In entering the summary judgments the trial court rejected an expert opinion and determined that the plugs were not shown to be defective, and that there was no basis for liability on the part of these appellees. However, in reaching this conclusion the judge improperly addressed a factual question and failed to apply the proper test for liability.
The appellant's complaint involved injuries from an accident which was alleged to have occurred as a result of an automobile tire failure. It was indicated that this involved a tread or belt separation, or blow-out, where string plugs had been used to repair punctures in the tire. The appellees Wiregrass, North Shore Laboratories, and Safety Tire Seal, were identified as the designer or manufacturer, and distributors or sellers of the plugs. The appellant alleged that the plugs were used in an intended and foreseeable manner, but that the manner of use created an unreasonably dangerous situation due to a defect in the design or manufacture of the plugs, and an accompanying failure to warn, as to such use.
The parties made various submissions below, filing depositions, affidavits, and other documents. These materials revealed that the tire punctures had been repaired at a gas station where the string plugs were used without patch seals, and that although the plugs could be used with patches most repairs were performed in the plug-only manner. Several experts addressed this plug-only manner of repair, and some of the experts indicated that this is a dangerous and unreliable method which could often lead to tire failure. For example, it was indicated that using a string plug without sealing the innerliner of the tire can create problems with air diffusion or moisture seepage, and can result in intracarcass pressurization which leads to separation of the tire plies or belts with ensuing tire failure. The experts also referred to what they variously characterized as industry standards or recommendations against plug-only repairs, and it was noted that some tire manufacturers had issued safety warnings against this method while advising that repairs should be made only by the plug and patch seal method.
Despite this presentation, the court entered summary judgments for the appellees Wiregrass, North Shore Laboratories, and Safety Tire Seal. In doing so the court reasoned that the appellant had not shown any defect with regard to the string plugs, which could have been used together with patch seals to make repairs in the preferred manner. The court determined that not only were the plugs not shown to be defective, but that there was also no negligence or any duty to warn as to the plug-only manner of use. And the court rejected the opinions of one expert while distinguishing between an industry standard and an industry recommendation, and criticizing the expert as presenting an opinion upon the ultimate issue in the case.
*652 In rejecting the opinion of this expert the court acknowledged that section 90.703, Florida Statutes, permits an expert opinion to include an ultimate issue, but the court relied on cases such as 3-M Corp.-McGhan Medical Reports Division v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985), which indicate that an expert opinion may be objectionable if it merely instructs the jury how to decide the case and does not aid in the determination of what occurred. However, the expert here extensively described the problems which may ensue from a plug-only repair, both in general and upon his examination of these tire repairs. The expert's testimony was permissible under section 90.703, and should not have been rejected by the court upon the appellees' motion for summary judgment.
It is well-established that a summary judgment should be entered only when there is no genuine issue of any material fact, and even the slightest doubt as to the existence of such a question will preclude summary judgment. E.g. Cassoutt v. Cessna Aircraft Co., 660 So.2d 277 (Fla. 1st DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996); Jackson v. H.L. Bouton Co., 630 So.2d 1173 (Fla. 1st DCA 1994). And the trial court should not resolve factual questions upon motion for summary judgment, but rather must view the evidence and draw all inferences in favor of the opposing party. Id. Furthermore, as the parties obtaining summary judgment the appellees were required to demonstrate the absence of any question of material fact. E.g. Jackson. The appellees did not satisfy this burden and the court should not have entered summary judgments for the appellees.
The appellant's theory of liability encompassed both negligence and a product defect in the plug-only manner of use. Although the presentation below indicated that a string plug could be safely used in conjunction with a patch seal, so that the plug might not be defective in all manner of uses, liability may ensue when a product is defective by failing to perform as safely as an ordinary consumer would expect when the product is used in an intended or reasonably foreseeable manner. E.g. Force v. Ford Motor Co., 879 So.2d 103 (Fla. 5th DCA 2004). The appellant's claims comport with this theory, and state a cause of action as to the alleged negligence and product defect, as well as a failure to warn, regarding the plug-only method of repair. The evidentiary support which was presented for these claims precludes the challenged summary judgments.
The appealed orders are reversed and the case is remanded.
WOLF and BENTON, JJ., concur.