WETHERELL, J.
 

 Appellant seeks review of the denial of his motion for a new trial following a defense verdict in his negligence suit against Appellee, Gray Gable, Nassau Village Volunteer Fire Department, Inc. He contends that the cumulative impact of various errors below deprived him of a fair trial and that the trial court erred in admitting evidence of a lack of prior similar accidents. We agree that the trial court erred in admitting the nonoccurrence evidence, and we therefore reverse and remand for a new trial.
 

 Appellant was a surgeon at Baptist Medical Center-Nassau (“Baptist”). He volunteered to sit in a dunking booth at a fundraiser sponsored by Baptist and the American Cancer Society. Baptist borrowed the dunking booth from Appellee for the event. While climbing inside the booth, Appellant lacerated his hand on an attached metal mesh. As a result of the injury, Appellant can no longer perform surgery. He sued both Baptist and Appel-lee, and eventually settled with Baptist. Appellant’s case against Appellee proceeded to a nine-day jury trial, and the jury found that Appellee was not negligent. Appellant filed a motion for new trial, which was denied.
 

 Just before the trial began, Appellee sought to offer evidence that there had been no complaints of injury related to the dunking booth since its construction in 1990. Appellant objected to the introduction of such nonoccurrence evidence, arguing that Appellee had not shown that the booth was in a substantially similar condition since 1990 in light of testimony regarding modifications that were made to the booth — including addition of the wire mesh and a door — sometime between 2000 and 2002. He also argued that Appellee could not show that the booth had been previously used at night and under the same lighting conditions. Appellee argued that a showing of substantial similarity was not necessary because the purpose of offering the evidence was to show that Appellee was not on notice of the dangerous condition of the booth. In overruling Appellant’s objection, the trial court found that a showing of substantial similarity was not necessary.
 

 “A trial court’s decision to admit evidence of the occurrence or nonoccurrence of prior accidents under substantially similar conditions is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse.”
 
 Jackson v. H.L. Bouton Co.,
 
 630 So.2d 1173, 1176 (Fla. 1st DCA 1994) (citing
 
 Lasar Mfg. Co. v. Bachanov,
 
 436 So.2d 236 (Fla. 3d DCA 1983)). Evidence of occurrence or nonoccurrence of prior accidents is admissible where the evidence pertains to the same type of equipment under substantially similar circumstances.
 
 Id.
 
 (citing
 
 Ry. Express Agency, Inc. v.
 
 
 *575
 

 Fulmer,
 
 227 So.2d 870, 873 (Fla.1969);
 
 Ba-chanov,
 
 436 So.2d at 236; and
 
 Warn Indus. v. Geist,
 
 343 So.2d 44 (Fla. 3d DCA 1977));
 
 see also Ford Motor Co. v. Hall-Edwards,
 
 971 So.2d 854, 860 (Fla. 3d DCA 2007) (holding that the trial court abused its discretion in admitting evidence of past accidents where a substantial similarity between the accident at issue and the past accidents had not been established).
 

 Appellee relies on
 
 Jackson
 
 for the assertion that the trial court properly admitted the nonoccurrence evidence. In
 
 Jackson,
 
 we held that the trial court properly admitted evidence that no injuries had occurred with a model of safety goggles before Jackson suffered the eye injury that led to his claim.
 
 Jackson,
 
 630 So.2d at 1176-77. The
 
 Jackson
 
 court stated that the nonoccurrence of previous accidents went directly to the issue of the appellee’s knowledge of the danger that was allegedly inherent in the safety goggles.
 
 Id.
 
 at 1176. Although a basis for substantially similar use was not established in
 
 Jackson,
 
 the safety goggles at issue remained unchanged.
 

 Here, unlike
 
 Jackson,
 
 there was evidence that the dunking booth was modified from its original construction, including the addition of the wire mesh which led to Appellant’s injury. Before determining whether the nonoccurrence evidence was admissible, the trial court failed to determine whether the dunking booth was in a substantially similar condition as its previous use. The failure of the court to make such a determination and apply the established rule of law constitutes an abuse of discretion.
 
 Hall-Edwards,
 
 971 So.2d at 859 (“[A] judge cannot simply ‘use his discretion to decide that despite a plain lack of substantial similarity in conditions he will, nevertheless, admit the evidence.’ ”) (quoting
 
 Gen. Motors Corp. v. Porritt,
 
 891 So.2d 1056, 1058 (Fla. 2d DCA 2004)). Further, both parties agree that the lack of prior accidents became a focus of the trial. Allowing the erroneously admitted evidence to become a feature of the trial further mandates reversal.
 
 Hall-Edwards,
 
 971 So.2d at 860. Where the trial court abused its discretion in admitting the nonoccurrence evidence, the verdict must be set aside and the matter remanded for a new trial.
 
 Id.
 

 Appellee argues that the admission of the nonoccurrence evidence, if error, was harmless because Appellant cannot show that without the evidence, the jury verdict would have been different. The test for harmful error in a civil case, however, is “ ‘whether, but for such error, a different result may have been reached’.”
 
 Nat’l Union Fire Ins. Co. of Pittsburgh v. Blackmon,
 
 754 So.2d 840, 843 (Fla. 1st DCA 2000) (quoting
 
 Kotos v. Cushing,
 
 601 So.2d 612, 613 (Fla. 3d DCA 1992)). In light of the testimony regarding modifications to the dunking booth and the fact that the nonoccurrence evidence was a feature of the trial, we cannot determine that without the introduction of the nonoccurrence evidence, the jury would have reached the same verdict. As such, the erroneous introduction of such evidence was not harmless and Appellant is entitled to a new trial.
 

 We recognize that in
 
 Jackson
 
 we referred favorably to:
 

 the trend “toward treating the question of sufficiency of similarity of conditions as primarily a matter for the trial court’s discretion, and to freely admit the evidence of the prior accident together with evidence of variations in conditions, which is treated as going to weight rather than admissibility.”
 

 630 So.2d at 1177 (quoting
 
 Warn Indus.,
 
 343 So.2d at 46). The “trend” to which we referred does not reflect the current state of the law, nor does it relieve the trial court of its obligation to make at least a
 
 *576
 
 threshold determination regarding the substantial similarity of any prior occurrence or nonoeeurrence.
 
 See
 
 Ehrhardt,
 
 Florida. Evidence,
 
 § 411.2 (2009 ed.).
 

 In light of our reversal based upon the trial court’s admission of the nonoccurrence evidence, we need not address Appellant’s claim that mistrial should have been granted due to cumulative error. However, because we are remanding for a new trial, we note for the benefit of the parties and the trial court that we are not persuaded that Appellant was denied a fair trial or that any of the issues that he raised warrant reversal, either individually or cumulatively.
 

 For these reasons, the final judgment in favor of Appellee is REVERSED and the cause is REMANDED for a new trial.
 

 LEWIS and THOMAS, JJ., concur.