CLARK, J.
 

 The appellant challenges a final summary judgment entered for the appellee in the appellant’s negligence action, where the appellant alleged that she slipped and
 
 *1129
 
 fell on a wet floor in the appellee’s restaurant. The appellant’s action was based on the assertion that the appellee had not properly maintained the area, and did not sufficiently warn of the danger. Because the parties’ filings provided factual support for the appellant’s claims, the trial court should not have entered the summary judgment.
 

 The appellee acknowledged that the appellant fell on a wet floor when she was a customer at the appellee’s restaurant. In seeking summary judgment the appellee filed the affidavits of two employees, who indicated that it had been raining and that water was tracked into the restaurant, and that the floor had recently been mopped in the area where the appellant fell. Those employees further indicated that “wet floor” signs were put out before the appellant entered the restaurant. However, the appellant’s deposition indicated that she did not see any “wet floor” signs in the restaurant, until after she fell and mentioned to one of the employees that they needed to put out some signs. That assertion is consistent with the appellant’s interrogatory answers, which likewise indicated that when she fell the floor was slippery and there was no warning that the floor was wet.
 

 A summary judgment should be entered only when there is no genuine issue of any material fact, and even the slightest doubt as to the existence of such a question precludes summary judgment.
 
 Falco v. Copeland,
 
 919 So.2d 650 (Fla. 1st DCA 2006);
 
 Jackson v. H.L. Bouton Co.,
 
 630 So.2d 1173 (Fla. 1st DCA 1994);
 
 see also Cassoutt v. Cessna Aircraft Co.,
 
 660 So.2d 277 (Fla. 1st DCA 1995),
 
 rev. denied,
 
 668 So.2d 602 (Fla.1996). The trial court should not resolve factual questions upon motion for summary judgment and instead must view the evidence and draw all inferences in favor of the opposing party.
 
 Id.
 
 Furthermore, to obtain a summary judgment the appellee was required to demonstrate the absence of any question of material fact.
 
 See Falco; Jackson.
 
 The appellee did not satisfy this burden and the court should not have resolved the case by summary judgment.
 

 In entering the summary judgment the trial court suggested that “wet floor” signs had been put out before the appellant fell, and that the appellant did not see them. However, viewing the evidentiary filings and inferences thereon in the manner most favorable to the appellant, the filings could support an assertion that either the signs were not put out until after the appellant fell, or that if put out sooner they were not readily visible and thus did not sufficiently warn of the danger. The trial court’s contrary view does not accord with the notion that the court may not resolve factual disputes on summary judgment, and should indulge all inferences in favor of the party opposing the summary judgment. The court’s further assertion that the appellant did not show that the appellee breached any legal duty, with the court observing that the appellee acted in accordance with its safety manuals, similarly fails to credit the inferences which arise upon the evidentiary submissions, and the legal obligations with regard to maintenance of the premises in a reasonably safe condition, along with the necessity of warning of unsafe conditions.
 
 See Pittman v. Volusia County,
 
 380 So.2d 1192 (Fla. 5th DCA 1980);
 
 see also Aaron v. Palatka Mall,
 
 908 So.2d 574 (Fla. 5th DCA 2005);
 
 St. Josephs Hosp. v. Cowart,
 
 891 So.2d 1039 (Fla. 2d DCA 2004);
 
 Mashni v. Lasalle Partners Mgmt.,
 
 842 So.2d 1035 (Fla. 4th DCA 2003).
 

 The appellant’s claims comport with these theories of negligence, and state a cause of action as to the alleged negligence in the failure to maintain the premises in a
 
 *1130
 
 reasonably safe condition, and the failure to properly warn of a dangerous condition. There was adequate evidentiary support for the claims, so as to preclude summary judgment.
 

 The appealed order is reversed, and the case is remanded.
 

 BENTON, C.J., and PADOVANO, J., Concur.