CLARK, J.
The appellants challenge a final summary judgment which was entered for the appellee in the appellants’ negligence action, where it was alleged that the appellant Agnes Doran slipped and fell on a wet floor in the appellee’s restaurant. Because the parties’ filings created disputed issues of material fact with regard to this claim, the trial court should not have entered the summary judgment.
In seeking summary judgment the ap-pellee did not contest the allegation that Mrs. Doran slipped and fell onto a bathroom floor, but the appellee maintained that the floor was not wet and that there was no evidence to support the allegation that a wet floor caused Mrs. Doran to slip and fall. Depositions were submitted, with the appellee’s restaurant manager testifying that she inspected the floor and did not *1063 find it to be wet, and that Mrs. Doran had blamed the fall on her shoes. However, Mrs. Doran testified that she did not attribute the fall to her shoes and that she thought the floor was wet, although she did not notice any water either before or after she fell. Another witness testified that when the paramedics arrived to tend to Mrs. Doran, they had to move a yellow sign which was like a “wet floor” or “be careful” sign, with that sign having been on the floor in the area where Mrs. Doran fell.
These assertions in the deposition testimony create disputed issues, as to whether the floor was wet, and whether that caused Mrs. Doran to slip and fall. A summary judgment should be entered only when there is no genuine issue as to any material fact, with even the slightest doubt as to the existence of such a question precluding summary judgment. See, e.g., Laidlaw v. The Krystal Co., 53 So.3d 1128 (Fla. 1st DCA 2011); Falco v. Copeland, 919 So.2d 650 (Fla. 1st DCA 2006). The trial court should not resolve such a question by summary judgment, and instead must view the evidence and draw all reasonable inferences in favor of the party opposing the summary judgment. See Laidlaw; Falco. When the evidence in the present case is viewed in that way, the appellee did not satisfy its burden to show the nonexistence of any disputed issue of material fact, and the trial court therefore should not have resolved the case by summary judgment.
The appealed order is reversed, and the case is remanded.
HAWKES and SWANSON, JJ., concur.